## G., C. & S. F. R'Y Co. v. THEODORE RYAN.

### (No. 3211.)

APPEAL from Burleson County. Opinion by WHITE, P. J.

J. W. TERRY and H. I. PHILLIPS, counsel for appellant.

No counsel appeared for appellee.

§ **305.** *Carrier of passengers; damages against for carrying beyond station; duty of passenger to notify carrier of his wish to stop at flag station; case stated.* This was a suit for damages against the railroad for carrying the appellant beyond his station. Appellant bought a ticket for a station called "Davidson Switch." It was a flag station, where trains did not stop unless some request was made upon the conductor to do so. Appellant knew that the station was a flag station, and knew the regulations with regard to stoppage of trains for passengers to get off. When the train passed the station, appellant did not notify the conductor, who had not yet taken up his ticket, nor any employee of the company, that he de-

sired to get off, and he was carried two miles beyond the station before he notified any of the employees that Davidson station was the place at which he desired to get off. The conductor then proposed to carry him to Lyons station, four or five miles further, or to put him off there; and he agreed to get off, and walk back to Davidson station. He says in his testimony that he was somewhat bothered when he got off the train, and was somewhat tired when he got back to the switch, but that he was not sick that night nor the next day, and felt no ill effects from walking. He was not frightened nor excited, but just a little bothered. The weather was pleasant, and the road dry and graveled. He got off the train about sundown. We are of opinion that the verdict is contrary to the law and evidence. It was the duty of plaintiff to have notified the officers of the train that he desired to stop at Davidson switch, and thereby prevent being carried beyond the station. This he did not do, and the evidence fails to show the want of due diligence on the part of appellant or its employees.

§ **306.** *Verdict held excessive.* We are also of opinion that the verdict and judgment are excessive. Fifty dollars for a two-mile walk on a pleasant evening to a stout, healthy, able-bodied young man about eighteen years of age, and who feels no ill effects from said walk, save he is a little bothered in his mind, and tired, is, we think, excessive.

March 23, 1892.          Reversed and remanded.