# Louisville & Nashville Railroad Co. v. Sanders.

*Damage for Injury to Passenger.*

(Decided February 6, 1913.  61 South. 482.)

1. *Carriers; Passengers; Contract; Special Damages.*—Where a passenger was not informed of the train's stopping place nearest his destination, and as a result thereof, was required to take a much longer walk, the fact that his feet were blistered by such walk was not a necessary result of the carrier's negligence, but was in its nature, special damages, not recoverable unless specially claimed or pleaded.

2. *Same; Element of Damages.*—Where a passenger was not informed by those in charge of the train of the stopping place nearest

his destination, and was carried by so that he was compelled to walk four miles instead of one, the added fatigue, annoyance and inconvenience were elements of damage.

·3. *Same; Excessive Damages.*—Where the passenger was thirty-two years old, in good health, and did not lose any part of his wages on account of being carried past his destination, as a result of which, he had to walk four miles instead of one, carrying a bag of tools on a warm day, a verdict for $150 for the. added fatigue, annoyance and incovenience was excessive.

APPEAL from Anniston City Court.

Heard before Hon. THOMAS W. COLEMAN, JR.

Action by J. N. Sanders against the Louisville & Nashville Railroad Company, for damages for injury consequent upon being carried beyond his destination. Judgment for plaintiff and defendant appeals. Reversed and remanded.

KNOX, ACKER, DIXON & STERNE, for appellant. The damages assessed were excessive in view of the evidence in this case.—*C. of G. v. Stevenson,* 3 Ala. App. 13; *G. C. & S. Ry. Co. v. Ryan,* 18 S. W. 866; *G. C. & S. Ry. v. Gaedecke,* 39 S. W. 312; *G. & C. Ry. Co. v. Cleburne,* 33 S. W. 687; 50 Mo. 456; 25 S. W. 451; 31 S. E. 182. The defendant was entitled to the charge asserting that plaintiff was entitled only to compensatory damages.—*A. G. S. v. Sellers,* 93 Ala. 9. Plaintiff's blistered feet occasioned by the walk, was in the nature of special damages, and not having been specially claimed or pleaded, were not recoverable in this action.—*City D. Co. v. Henry,* 139 Ala. 161; *So. Ry. Co. v. Hawkins,* 121 Ky. 415; *Wilkins v. Nassau Co.,* 90 N. Y. S. 678.

CHARLES F. DOUGLASS, for appellee. The blister was the necessary result of the walk, and the walk was the result of the carrier's negligence, and hence, the injury was the proximate result of the negligence.—*So. Ry. Co. v. Lee,* 167 Ala. 268. The damages were not excessive.

—*B. R., L. & P. Co. v. Nolan,* 134 Ala. 329; 13 Cyc. 121; *Pullman Car. Co. v. Lutz,* 154 Ala. 517.

WALKER, P. J.—In his complaint the plaintiff averred, in effect, that, by being required to take a longer walk to reach his destination than would have been necessary if he had been informed of the stopping place of the train on which he was riding which was nearest to his destination, he was delayed in getting to his work, greatly inconvenienced by such delay, and was so fatigued, inconvenienced, and annoyed by the hot walk, the anxiety, and the disappointment, that he was ill prepared to take up his work, and did so at great disadvantage; and the only damages claimed were for the inconvenience and hardship so averred. The complaint contained no averment as to the plaintiff's feet being blistered as the result of the walk he had to take, and did not claim damages on any such account. It is not to be doubted that damages for such a physical injury, which plainly is not a necessary result of the wrongful conduct complained of, are in their nature special damages, which are not recoverable unless specially claimed.—*Irby v. Wilde,* 150 Ala. 402, 43 South. 574; *Vest v. Speakman,* 153 Ala. 393, 44 South. 1017. The plaintiff not having claimed in his complaint damages for the injury mentioned in written charge 2, requested by the defendant, the fact that, in his testimony describing the walk which the fault chargeable against the defendant had put him to the necessity of taking, the plaintiff made mention of the circumstance or result that his feet were blistered was not entitled to be given the effect of enabling him to recover special damages to which he had made no claim in his complaint. That charge was an appropriate instruction to this effect, and it should have been given.

35 CA

On August 16, 1911, the plaintiff, whose occupation is that of a steam fitter, purchased of the defendant a ticket entitling him to be carried from Anniston to Siluria, to which latter place he was going for the purpose of putting in some piping for his employer. He boarded a train which did not go to Siluria, but by which passengers wishing to go to that place in the morning could reach it by getting off at Alabaster, which was one mile from Siluria; it being the custom for an employee on the train to notify passengers for Siluria that Alabaster was the place to get off. The plaintiff was not informed that that was the place for him to get off until after the train had passed it. Before the next station, Pelham, was reached, the conductor, in reply to an inquiry by the plaintiff as to how he could get to Siluria, offered to take him to Birmingham and bring him back that night. On the plaintiff's learning that Siluria was about four miles from Pelham, he said he would get off at the latter place, which he did, and, not being able to find a conveyance, he walked from that place to Siluria, carrying his bag of tools, which weighed 30 or 35 pounds. He testified that the day was very hot, and that the walk caused him considerable fatigue. He is 32 years of age. He was not made sick by the walk. He did not lose any part of his wages for that day. He sustained no pecuniary loss. There is no allegation of willfulness or wantonness, and no claim of punitive damages. We find nothing in the case upon which the claim to damages can be based, except the fact that the negligence complained of resulted in the plaintiff's having to walk four miles, when, but for such negligence, he would have had to travel only one mile after leaving the train. He was entitled to compensation for the added fatigue, annoyance, and inconvenience so entailed upon him. The

[Louisville & Nashville Railroad Co. v. Sanders.]

jury awarded him $150 as damages. We are of opinion that the verdict was excessive, and that the defendant's motion to set it aside and for a new trial should have been granted.

So far as the evidence indicates, the plaintiff was in robust health and possessed of such powers of endurance as were requisite to the pursuit without undue hardship of an occupation calling for considerable bodily vigor, and, when he reached his destination, he proceeded with his day's work without any loss of wages. An award to a healthy man of 32 years of age of $150 for being put to the necessity of taking such a walk of four miles, instead of one mile, when the only ill effects for which he is entitled to recover under the averments of his complaint were such as have been mentioned above, is, on the face of it, an allowance of considerably more than reasonable compensation. We do not think that the defendant should be required to pay the plaintiff at the rate of $50 a mile for the addition to his walk entailed by its negligence. He is entitled to compensation, not to punitive damages. Manifestly the jury were not duly regardful of this proposition when the amount of the verdict was fixed.—*Gulf, C. & S. F. Ry. Co. v. Ryan* (Tex. App.) 18 S. W. 866; *Gulf, C. & S. F. Ry. Co. v. Gaedecke* (Tex. Civ. App.) 39 S. W. 312.

Reversed and remanded.