# Louisville & Nashville Railroad Company *v.* Orr.

*Action for Damages against Employer, by Administrator of Deceased Employe.*

1. *Sufficiency of complaint in averments of negligence.*—In a statutory action against a railroad company as employer, by the administrator of a brakeman who was killed while in its service (Code, §§ 2590-91), if the complaint avers that the intestate was killed while in the discharge of his duties, acting under the orders of the conductor, to whose orders he was subject, specifies the defect in the machinery or appliances which caused the accident, and that it had not been discovered and remedied owing to the negligence of the person in the defendant's service who was intrusted with that duty, this is sufficiently certain and definite, although it does not state the nature of the superintendency intrusted to such person, nor the nature of the service or employment of the person whose orders he was bound to obey, nor of the particular orders or directions.

2. *Railroad rules as evidence.*—A railroad company has the right to adopt reasonable rules and regulations for the government of its employés, and for its own protection; and in an action against it by the administrator of a brakeman who was killed while in its service, the

[Louisville & Nashville Railroad Company v. Orr.]

issues involving the conduct of the brakeman himself and of the conductor of the train, the rules prescribing the duties of each are relevant and admissible as evidence.

3. *Same; how proved.*—A witness can not testify as to the terms of a rule adopted by a railroad company, which is contained in a printed book of rules, unless the book itself is produced, or its absence is accounted for.

4. *Exceptions to parts of general charge.*—The general charge given by the court is to be considered as an entirety, and not in disconnected parts; and if, when so considered, and construed in connection with the evidence, it asserts the law correctly, a disconnected paragraph, though too broad or too narrow, will not work a reversal.

5. *Abstract charge.*—A charge can not be considered abstract when there is any evidence tending to support its hypothesis; and if abstract, it is not a reversible error, when it asserts a correct legal proposition, unless it affirmatively appears that the jury were misled by it.

6. *Charges asked, but not shown to have been in writing*, will be presumed to have been refused on that account, and this court will not consider them.

APPEAL from the City Court of Decatur.

Tried before the Hon. WM. H. SIMPSON.

This action was brought by Horace Orr, as administrator of the estate of Henry Griffin, deceased, to recover damages for the alleged wrongful and negligent acts of the defendant's servants, which caused his death on the 4th May, 1887; and was commenced on the 24th May, 1887. On the first trial, the plaintiff had a judgment on verdict for $1,500; but the judgment was reversed by this court on appeal, and the cause was remanded.—91 Ala. 548–55. On the second trial, the evidence being substantially the same as on the first, the jury awarded the plaintiff $1,583 as damages. Numerous exceptions were reserved by the defendant to the rulings of the court on evidence, charges given, and the refusal of charges asked; and these rulings, with the overruling of demurrers to the complaint, are here assigned as error, making in all 28 assignments of error. The material facts appear in the opinion, in connection with the former report of the case.

BRICKELL, HARRIS & EYSTER, for appellant.

WERT, SPEAKE & CALLAHAN, and E. W. GODBEY, *contra.*

CLOPTON, J.—The grounds of demurrer, the overruling of which constitute the first five assignments of error, are: 1st, that the complaint does not state with certainty the act or omission of defendant, or of its servants or employès, which caused the injury to plaintiff's intestate; 2d, that it does not show the nature of the superintendency intrusted to a person other than the conductor; nor, 3d, the nature of the service or

employment of the person to whose orders deceased conformed; 4th, that it does not show what the orders were; and 5th, that it shows the injury was caused by the negligence of deceased.

The complaint avers that the defect in the works and machinery, by reason of which the injury was caused, consisted in the failure to provide fastenings to the gate, or drop-door of a car, over which deceased passed in the discharge of his duty as brakeman. It further avers that Price, the conductor, or some person [afterwards averred to be Sullivan] in the employment of defendant, intrusted with the duty of seeing that the works and machinery were in proper condition, was required by the rules and regulations of defendant to see that all gates or drop-doors of the cars were kept fastened, and provided with proper fastenings in such way that it would be safe for a brakeman to pass over a train of cars from brake to brake. It also avers that plaintiff's intestate, who was employed by defendant in the capacity of brakeman, and subject to the orders of the conductor, while in the discharge of his duties as brakeman, and passing from car to car in obedience to special instructions given by the conductor, or such other person to whom superintendency had been intrusted, stepped on the gate or door at the end of a flat car, which gave way, whereby plaintiff's intestate was thrown under and between the cars, and killed. Under the rule laid down in *Mobile & Ohio R. R. Co. v. George, ante,* p. 199, which followed our former rulings, it is not necessary to aver the nature of the superintendency intrusted to the person by whose negligence the injury was caused, nor of the service or employment of the person to whose orders the deceased was bound to conform, nor of the orders or directions from conforming to which his injuries resulted. The complaint avers the other facts essential as a basis of liability under section 2590 of the Code, under which it is framed. It is true it proceeds to set forth in the alternative two or more of the causes, or acts of negligence, thereby imparting uncertainty—whether it was intended to aver that the injury was caused by reason of the defects in the works and machinery, or by the negligence of a person intrusted with superintendence, or of a person to whose orders deceased was bound to conform. This was bad pleading, but this ground of demurrer was sustained; in all other respects the complaint is sufficient.

When this case was before us on a former appeal (91 Ala. 548; 8 So. Rep. 360), rules 149, 150, and 155 were held relevant and admissible in evidence. Nothing appears from the present record justifying a departure from the ruling then

[Louisville & Nashville Railroad Company v. Orr.]

made. The testimony of the witness Price, as to the rule requiring brakemen to see that everything connected with the cars is in a safe and proper condition, was properly excluded; it having been shown on cross-examination that the rule was printed in a book, which was not produced, nor its absence accounted for.—*Ga. Pac. Railway Co. v. Propst*, 90 Ala. 1.

The general charge must be considered as a whole, not in disconnected parts. Though the segregated parts may state the legal propositions too broadly, or may not express all the essential elements of a recovery; yet, if the general charge, when considered as an entirety, and construed in connection with the evidence, asserts the law correctly, a disconnected paragraph, though too broad or too narrow, will not work a reversal.— *Williams v. State*, 83 Ala. 68; *Gibson v. State*, 89 Ala. 121. The general charge was written at length. It seems to have been prepared with care, and was intended to present, and does present the case, in all its phases in which it should be considered by the jury. Considered as a whole, it declares correctly the law on each phase of the facts which the evidence tends to establish—the duty of defendant to provide safe and suitable appliances for the employès, the principles on which the liability of the employer depends when the injury is caused by any defect in the works, ways, machinery or plant, and as to the contributory negligence of plaintiff's intestate, whether it arose from the duty of examining and seeing that the gate or door of the car was in proper condition, or from the want of ordinary care and caution.

Counsel, however, do not contend that the disconnected parts of the general charge excepted to state the law incorrectly, but that some of them are abstract. A charge can not be considered abstract, when there is any evidence tending to support its hypothesis, and if abstract, the giving of such charge is not a reversible error, if it asserts a correct legal proposition, and it does not affirmatively appear that the jury were misled.

As to whether the duty was devolved on the brakeman of seeing that the car was in proper condition, or whether he selected a dangerous, when a safe way was apparent to him, or whether he was acting in the discharge of his duty and exercised due care in passing over the car to his post of duty, the evidence is not undisputed, and inferences are to be drawn therefrom. There is evidence tending to show that the switch upon the main track was the deceased's post of duty in order to uncouple the rear car so that it could remain on the main track, and the empty cars pushed back on the spur-track, and that he was going to this post of duty when he was killed.

The only error we discover in the general charge is in that part which instructs the jury that a preponderance of the evidence is sufficient to authorize a verdict. This, however, was not excepted to, and is not assigned as error.

The statute requires that all charges moved for by either party must be in writing; if asked verbally, they may be properly refused. The record does not show that the charges requested by defendant were in writing, and the court will not presume them to be in writing.—*Myatts v. Bell*, 41 Ala. 222. For this reason we can not consider the charges asked by defendant.

Affirmed.