eral custom of the trade, which may be done "to annex unexpressed incidents to contracts." 8 Wait, Act. & Def. 516; Clarke's Brown, Usages, note, p. 23; 1 Cooley's Bl. Comm. 76, note; Story, Cont. § 15; 2 Pars. Cont. (6th Ed.) 547. Upon these conclusions the plaintiff is entitled to judgment for $149.36, with interest from October 31, 1894.

---

### WRIGHT v. GLENS FALLS, S. H. & FT. E. ST. R. CO.

(Supreme Court, Appellate Division, Third Department. January 20, 1898.)

1. CARRIERS—AUTHORITY OF CONDUCTOR.
   The representation of a street-railroad conductor to a prospective passenger regarding the rate of fare is binding on the company.

2. SAME—ASSAULT ON PASSENGER.
   It is a question for the jury whether a street-railroad conductor who assaulted a passenger standing by a car from which the conductor had ejected him was engaged in the performance of his duties.

3. SAME—PUNITIVE DAMAGES.
   For the malicious action of a street-railroad conductor in ejecting a passenger from his car, the company is not liable, in the absence of proof that the company authorized or ratified the act, or was guilty of misconduct in the employment or retention of the conductor.

Appeal from trial term.

Action by John R. Wright against the Glens Falls, Sandy Hill & Ft. Edward Street-Railroad Company for damages. Judgment for plaintiff. Defendant appeals. Reversed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

Greenville M. Ingalsber (J. A. Kellogg, of counsel), for appellant.
A. V. Pratt (J. M. Whitman, of counsel), for respondent.

PUTNAM, J. The defendant, a common carrier, operates a street railroad between Glens Falls, Sandy Hill, and Ft. Edward. The plaintiff claimed, and as a witness testified on the trial, that on the night of January 1, 1896, shortly before 12 o'clock, he saw one of defendant's cars on the street in Glens Falls, going towards Sandy Hill, and inquired of its conductor if the car was going through to the latter place, and at the usual rate for passengers, of 6 cents. The conductor answering in the affirmative, the plaintiff boarded the car. When it had proceeded to a spot in the country about midway between Glens Falls and Sandy Hill, the conductor demanded 25 cents fare. This the plaintiff refused to pay, but tendered a fare of 6 cents, which he testified the conductor had informed him would be charged when he entered the car at Glens Falls. The conductor refused to receive the 6 cents, and thereupon forcibly ejected the plaintiff from the car. It was claimed that in doing so he used unnecessary force, and also that after the plaintiff had been thus ejected, and was standing by the side of the car, he was assaulted by the conductor.

It was shown that the usual rate of fare charged by the defendant for conveying passengers from Glens Falls and Sandy Hill was 6 cents, but that it ran a special car late at night to connect with the train of the Delaware & Hudson Canal Company, and charged passengers on

such car 25 cents. The testimony was conflicting as to the representations made by defendant's conductor to the plaintiff when he boarded the car in question. From such testimony it might be doubted as to whether the plaintiff's statement of the transaction was correct. If in fact, before taking passage on the car, he inquired of the conductor if it was going through to Sandy Hill, and for the usual fare of 6 cents, and was told that it was, and was not informed to the contrary before he started, and was afterwards forcibly ejected therefrom upon his refusal to pay 25 cents fare, we think the plaintiff was entitled to recover damages for such ejection. The defendant had intrusted the management and control of the car in question to the conductor. The latter was the servant and agent of the defendant, and it, under the circumstances, was bound by his acts and representations. The usual rate of fare was 6 cents, but on a special car, running late at night, to connect with the train of the Delaware & Hudson Canal Company, 25 cents was charged. It does not appear that the car in question was such special car. The representations of the conductor to the plaintiff that the car would go through to Sandy Hill, and that 6 cents fare would be charged, was one made by an agent intrusted by its principal with the power and duty to carry out its contract as a common carrier, with the plaintiff, to convey him from Glens Falls to Sandy Hill, and the defendant was bound thereby. See Dwinelle v. Railroad Co., 120 N. Y. 117–127, 24 N. E. 1102.

The court below was not compelled, on motion of the defendant, to strike out the evidence given in regard to the alleged assault by the conductor upon the plaintiff while the latter was standing by the car, after being ejected therefrom. Under the circumstances disclosed, it was a question for the jury whether or not the conductor was engaged in the performance of his duties as agent of the defendant at the time of said assault. See Dwinelle v. Railroad Co., supra.

Assuming, therefore, that, on the testimony, the jury was authorized to find that the claim of the plaintiff was established as to the representations of the conductor when he entered the car, in our opinion the judgment and order should be affirmed, were it not for an inadvertent error of the trial court in instructions given to the jury on the question of damages. In the first instance, he charged that the plaintiff, under the facts established by the evidence, was only entitled to recover compensatory damages. Subsequently, at the request of the plaintiff's counsel "to charge that if the jury find that if the action of the conductor at any time was malicious, that they may give not only compensatory damages, but exemplary damages," the court remarked, "I think that is so." The defendant excepted. The last instruction, therefore, given to the jury, was that exemplary damages might be awarded to the plaintiff if the defendant's conductor, in ejecting the plaintiff from its car, acted with malice. We think the charge thus made to the jury was erroneous. In Donivan v. Railway Co. (Com. Pl.) 21 N. Y. Supp. 457, which was an action for injuries inflicted on the plaintiff by the defendant's servants in ejecting him from the platform of defendant's railway, Pryor, J., delivering the opinion of the court, after a careful review of the authorities, reached the conclusion that, for the willful tort of a servant,

the master is not liable in punitive damages, unless he authorize or ratify the tort, or is guilty of misconduct in the employment or retention of the servant.    The same doctrine is stated in Murphy v. Railroad Co., 48 N. Y. Super. Ct. 96–100; Muckle v. Railway Co., 79 Hun, 32, 29 N. Y. Supp. 732; Fisher v. Railway Co., 34 Hun, 433–437; Cleghorn v. Railroad Co., 56 N. Y. 44–48; Railway Co. v. Prentice, 147 U. S. 101, 13 Sup. Ct. 261.    See Sedg. Meas. Dam. § 378; 5 Am. & Eng. Enc. Law (2d Ed.) pp. 714, 715, and authorities cited.

No facts were shown in the case under consideration which, under the doctrine established in the authorities above cited, authorized the recovery of exemplary damages; and as, notwithstanding the small verdict rendered, we are unable to determine that the defendant was not injured by the erroneous instructions thus given by the trial court to the jury on the question of damages, the judgment should be reversed, and a new trial granted, costs to abide the event.    All concur.