# Louisville & Nashville R. R. Co. *v.* Gray.

## *Injury to Servant.*

(Decided November 7, 1914.    Rehearing denied December 17, 1914. 67 South. 687.)

1. *Master and Servant; Injury to Servant; Contributory Negligence; Violating Rule.*—To sustain a plea of contributory negligence to an action by a servant for injuries, the employer may show that at the time of the accident the injured employee violated a known rule of employment and that the violation thereof had a causal connection, or probable causal connection with the injury.

2. *Witnesses; Cross-Examination.*—Where the employer relied on the violation by employee of a rule of employment, a question to the employee, "Isn't there a rule there that required you to put a light on the engine you were working on?" called for the employee's knowledge of the rule in force at the time of the accident, and was not subject to general objection.

3. *Evidence; Best and Secondary.*—A rule of employment could be shown by parol in the absence of anything to show that it had been printed or reduced to writing.

4. *Master and Servant; Injury to Servant; Contributory Negligence; Pleading; Evidence.*—Where the minute entry shows that the action was tried upon the complaint and the general issue, with leave to give in defense any matter that could be well pleaded, evidence of a rule of employment, and of the employee's knowldge and violation thereof, was within the issue.

[Louisville & Nashville R. R. Co. v. Gray.]

APPEAL from Morgan Law and Equity Court.

Heard before Hon. THOMAS W. WERT.

Action by John G. Gray against the Louisville & Nashville Railroad Company, for damages for injury while in its employment. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

EYSTER & EYSTER, for appellant.

WERT & LYNNE, for appellee.

DE GRAFFENRIED, J.—The plaintiff was injured while at work, or while he claims that he was at work, on a dead engine in a roundhouse at Decatur. The injury occurred about 1 o'clock at night. While the plaintiff was at work, or claims that he was at work, on the engine, another engine was run into the roundhouse, and, while this latter engine was being put in place, it struck a tank, causing it to collide with the dead engine upon which the plaintiff was at work, or upon which he claims he was at work, and the plaintiff thus received painful and serious injuries.

(1) According to the testimony of the plaintiff, he had his lantern or light sitting on the floor of the roundhouse when the injury occurred. While the plaintiff was on the stand testifying as a witness in his own behalf, the defendant offered to prove by him that there was a rule at the roundhouse requiring servants, while at work on a dead engine, to put a light on the engine. This rule—if there was such a rule—was a reasonable one. The reasons for it are plain. A light upon a dead engine would herald to the other employees of the defendant that there was a man at work upon the engine, and that therefore they should govern themselves accordingly. In this case the engineer in charge of the

live engine testified that he did not know of the presence of the plaintiff on or near the dead engine, and it was for the jury—if there was a rule which the plaintiff had violated—to say whether the violation by the plaintiff of this rule was not a direct and contributing cause of his injury. Under the pleadings in this case, the trial court should have required the plaintiff to testify on the subject above referred to.—Dresser on Employees Liability, § 118, pp. 625, 626; *Cogbill v. L. & N. R. R. Co.*, 152 Ala. 156, 44 South. 683; 8 Ency. Ev. pp. 544-546.

We do not know why the trial court sustained the plaintiff's objection to the question calling for the above testimony, but the record shows the ruling and an appropriate exception. It seems to be a rule of universal application, in cases of this sort, that a defendant, to sustain a plea of contributory negligence, may show that, at the time of the injury, the servant was violating a rule of the master, and that he knew of the existence of the rule, provided, of course, the violation of the rule had a causal connection, or probably had a causal connection with the injury. The record in this case fails to show any reason why the master did not have the right to show the existence of this rule, and knowledge of its existence on the part of the servant, by the testimony of the plaintiff himself. The testimony sought to be elicited was relevant and material, and, in sustaining the plaintiff's objection to the question calling for it, the trial court committed reversible error.

2. There are many questions presented by briefs of counsel, which we have not above discussed. This is an ordinary suit under the Employer's Liability Act, and the other questions discussed in briefs of counsel, to which we make no reference in this opinion, have

been frequently before the courts, and fully determined, and we deem it unnecessary to discuss them.

Reversed and remanded.

McCLELLAN, SAYRE, and GARDNER, JJ., concur.

### ON APPLICATION FOR REHEARING.

DE GRAFFENRIED, J.—It is earnestly insisted upon this application for rehearing that the court erred in reversing the judgment of the court below upon the grounds stated in the above opinion for the following reasons:

(2) First. It is insisted that the question calling for the testimony as to the rule was a question to which there was only a general objection by the plaintiff, and that if there is any ground upon which the action of the trial court, in sustaining the objection to the question, can be upheld by this court, then that it is the duty of this court to uphold the action of the trial court.

The question which called for the above rule was in the following language: "Isn't there a rule there that required you to put a light on the engine you was working on?" The undisputed evidence showed that the plaintiff, at the time of his injuries, was at work, or claimed to be at work, on an engine in a roundhouse, and that he received his injuries at night while so at work. While the above question is not in perfect grammatical form, it is perfectly plain that it called for the plaintiff's knowledge as to the existence of a rule which was in operation at the roundhouse at the time he received his injuries. To hold that the question might refer to a rule which was adopted subsequently to the time when the plaintiff was injured would do violence to the plain meaning of the question. The reasoning of this court

in *Watters v. Brown,* 177 Ala 78, 58 South. 293, has no applicability to the question in hand.

(3) Second. There was no evidence in this case tending to show that the rule inquired about had ever been printed or reduced to writing. The proposition that "a witness cannot testify as to the terms of a rule adopted by a railroad company, which is contained in a printed book of rules, unless the book itself is produced, or its absence is accounted for," is familiar.—*Ga. P. R. Co. v. Propst,* 90 Ala. 1, 7 South. 635; *L. & N. R. R. Co. v. Orr,* 94 Ala. 602, 10 South. 167.

As there was nothing in the evidence in this case tending to show that the rule inquired about—a rule operative in a roundhouse—was in writing, the action of the trial court in sustaining the plaintiff's objection to the question cannot be upheld upon this ground. While this court has by a long line of decisions declared that error in excluding evidence upon a general objection to a question calling for such evidence will not be imputed to the trial court if the ruling can be sustained on any ground, nevertheless, to uphold the action of the trial court on this particular ruling on the stated ground would, we think, be stretching the rule to an unreasonable length.

(4) Third. It is intimated that the pleadings were not broad enough to cover the evidence which was called for by the above question. In reply to this we desire to say that the record before us shows that on the 6th day of January, 1913, the court overruled the demurrers to the complaint, and the minutes of the court as of that date then proceed as follows: "Thereupon defendant pleads general issue with leave to give in defense any matter that can be well pleaded."

It further appears that on February 11, 1913, the cause was reopened for further settlement of the plead-

ings, and that the court on that day made the following order upon its minutes: "Come the parties by their attorneys into open court, and upon the order of the court that this cause be reopened for the further settlement of pleadings by leave of the court first had and obtained, plaintiff amends first count of complaint. Thereupon the defendant refiles former demurrers to complaint as amended, and, the same being submitted to and duly considered by the court, and it is therefore considered and adjudged that said demurrers refiled to complaint, as amended, be and the same are hereby overruled. Issue joined on plea of general issue, with leave to give in defense any matters that could be well pleaded. Thereupon, by leave of the court first had and obtained, plaintiff files counts A and B; and it is agreed that demurrers be filed later."

The counts upon which this case was tried were numbered 1, 2, 3, A, and B. It is plain from the above quotation of the minutes as of February 11, 1913, that only the pleadings were that day before the court, and that "issue was joined on plea of general issue, with leave to give in defense any matters that could be well pleaded," to the entire complaint, and that the plaintiff was given leave to file counts A and B to the complaint, and that the defendant was given leave to file demurrers to said counts A and B at a later period.

On June 20th the demurrers to counts A and B were overruled, and the court states in its minutes that thereupon, "the pleadings in this cause being now settled and issues formed," the case was tried by the jury. We think that the minute entries plainly show that this case was tried upon the plea of the general issue, with leave to give in evidence any matters of defense which could be properly pleaded to the complaint, and

the bill of exceptions shows beyond question that the case was so tried by the court.

We have indulged in this reply to the application for a rehearing, because we think that the more the record is examined the plainer it is made to appear that the judgment of the court below should be reversed for the reasons stated in the above opinion.

The application for a rehearing is overruled. All the Justices concur.