# Louisville & Nashville R. R. Co. *v.* Boggs.

### Ejection of Passenger.

(Decided January 18, 1917.   Rehearing denied February 17, 1917.
74 South. 337.)

1. **Evidence; Public Service Commission Orders; Authentication.**—Where certified copies of alleged Public Service Commission orders authorizing railway to charge extra passenger fare where no ticket is purchased were vague and indefinite and improperly authenticated, they were properly excluded as evidence in action for ejecting passenger.

2. **Evidence; Judicial Notice; Public Service Commission; Secretary.**—Although the court may take judicial notice that one authenticating certified copies of Public Service Commission orders is its secretary, where no date is stated, the court cannot judicially know that the person named was then its secretary.

3. **Evidence; Ejection of Passenger; Evidence of Rule.**—If a railway company has adopted written or printed rules charging extra passenger fare where no ticket is purchased, they should be produced when relied upon in action by passenger for wrongful ejection.

4. **Trial; Ejection of Passenger; Instruction; Conformity to Evidence.**—Where defendant railway company in action for ejecting a passenger failed to prove its rule charging extra fare where no ticket is purchased, it was not necessary to instruct jury upon a controversy as to plaintiff's opportunity to purchase a ticket; this being immaterial.

5. **Carriers; Ejection of Passenger; Sufficiency of Evidence.**—Evidence held sufficient to warrant passenger's recovery for ejection from defendant's railway train for nonpayment of additional fare demanded where no ticket was purchased.

6. **Appeal and Error; Review; Amount of Recovery.**—Where compensatory damages awarded passenger for wrongful ejection was claimed excessive in motion for new trial, the court's action overruling such motion is reviewable on appeal from the judgment.

7. **Carriers; Ejection of Passengers; Excessive Damages.**—In action for damages resulting from conductor's insistence that passenger get off upon his refusal to pay additional fare demanded, where no ticket had been purchased, compelling plaintiff to walk a mile and wait a half hour for another train, from which he suffered no harmful consequences, a verdict of $250 will be reduced to $25.

8. **Carriers; Ejection of Passenger; Excessive Damages; Humiliation.**—Where passenger refused to pay 15 cents additional fare demanded and told conductor he would have to forcibly put the passenger off, and that he would make a test case of it, and was evidently laying the foundation for a lawsuit, plaintiff was not damaged to amount of $250 by his humiliation, where he suffered no actual injury beyond having to walk a mile and to wait a half hour for another train.

[Louisville & Nashville R. R. Co. v. Boggs.]

APPEAL from Morgan Law and Equity Court.

Heard before Hon. THOMAS W. WERT.

Action by Clayton Boggs against the Louisville and Nashville Railroad Company for damages for ejection of him as a passenger. Judgment for plaintiff and defendant appeals. Reversed and remanded conditionally.

Transferred from the Court of Appeals under Acts 1911, p. 450.

EYSTER & EYSTER for appellant. WERT & LYNNE for appellee.

SAYRE, J.— (1) The effort to certify the copies of the alleged orders of the Railroad or Public Service Commission, the effect of which were to allow railroad companies to charge 15 cents over and above the price of a ticket to passengers boarding trains without a ticket at a station where a ticket office is maintained, was formless, vague, and indefinite in its reference to the matter it was probably intended to certify.

(2) Moreover, and this is more material, the papers offered in evidence were authenticated by the dateless certificates of "Atticus Mullin, Secretary." The court may know judicially that Atticus Mullins is secretary of the Railroad Commission or its successor, the Public Service Commission, and has been for some time, but the court cannot know that he was such secretary at the unknown time when the certificates were made, and hence, for aught appearing, they were the certificates of a private person charged with no duty or authority in respect of the records of the commission. Therefore we will not predicate error of the trial court's action in excluding the so-called certificate offered in evidence by the defendant.

(3) If the defendant had adopted a written or printed rule to the same effect, the written or printed rule should have been produced, or its absence accounted for.—*L. & N. R. R. Co. v. Orr*, 94 Ala. 602, 10 South. 167.

(4, 5) There being no competent evidence of the rule upon which defendant relied to justify its ejection of plaintiff from its train, the case was left to rest upon the undisputed proof that defendant ejected plaintiff for the reason that plaintiff, who got on the train without a ticket, refused to pay for his passage 15

[Louisville & Nashville R. R. Co. v. Boggs.]

cents in addition to the regular ticket rate. Plaintiff had alleged and undertook to prove that, though he went to the station in time, he had no opportunity to purchase a ticket before the departure of his train, for the reason that the ticket office was not attended by an agent. Defendant having failed in its effort to get before the jury evidence of the rule authorizing conductors to collect the extra 15 cents, this controversy as to plaintiff's opportunity to purchase a ticket became immaterial, and this evidently was the view taken by the trial judge in instructing the jury. On the undisputed facts and court's charge plaintiff's recovery was inevitable, and, indeed, upon proper request, the court might well have given the general affirmative charge for plaintiff.—*Kennedy v. Birmingham Rwy.*, 138 Ala. 225, 35 South. 108; *Evans v. M. & C. R. R.*, 56 Ala. 246, 28 Am. Rep. 771.

(6) However, the complaint claimed compensatory damages only, and the evidence went far enough to show that there was a bona fide insistence on the part of defendant's conductor, who did not know what may have happened at the station, that plaintiff was liable for the 15 cents extra. The jury were instructed that they might award damages for compensation only. They awarded $250, and upon the motion for a new trial defendant took the point that this award was excessive. The action of the court in overruling the motion is subject to review on this appeal from the judgment rendered on the jury's verdict.—*Henry v. Couch*, 132 Ala. 570, 31 South. 463.

(7) By being put off the train plaintiff was compelled to walk a distance the maximum estimate of which did not exceed one mile. Within a half hour he caught another train and was carried to his destination, 14 miles away. He does not appear to have suffered any other harmful consequences from his walk. By fair inference he suffered none other. On these facts, without more, he was not entitled to recover the sum of $250 as compensation. See *L. & N. R. R. v. Sanders*, 7 Ala. App. 547, 61 South. 482.

(8) But, it is suggested, he suffered humiliation and mental distress by being ejected from defendant's train in the presence of other passengers. The damages awarded, if referred to this theory of plaintiff's injury, were still excessive. It is entirely clear on his own showing that plaintiff was not averse to such proceedings as would give him the chance for a lawsuit. He said to the conductor:

[Black v. Black.]

"You put me off and I will make a test case of this."

And either plaintiff or his brother, who was with him, said: "We will get some money out of the company or your damned job, one or the other."

He testified:

"I told him [the conductor] he would have to take hold of me to assist me off, make some effort to put me off in a small way. He did not use force enough to hurt me. My brother and I got off the train."

Evidently plaintiff was laying the predicate for an action for a wrong which he feared might not be as complete as he desired. The alleged humiliation and mental distress, avoidable by the payment of 15 cents, but which plaintiff thus invited, would hardly have damaged plaintiff to the amount assessed by the jury. Our judgment is that $25 will properly redress the wrong plaintiff claims to have suffered, and on this judgment the cause will proceed as provided by the act of September 17, 1915 (Acts 1915, p. 610).

The assignments of error are numerous, but we have said enough to disclose our opinion that there was no error committed at the trial of the cause. However, the ruling on the motion for a new trial was erroneous for the reason indicated.

Reversed and remanded conditionally.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.