(76 South. 982)

## TENNESSEE COAL, IRON & R. CO. v. KING. (6 Div. 550.)

(Supreme Court of Alabama. Nov. 15, 1917.)

1. JUDGMENT ☞279 — NECESSARY ENTRIES — JURY.

It is not necessary for a judgment entry to name the jurymen, and an entry, "A. and eleven others," sufficiently shows a verdict by a jury of 12.

2. APPEAL AND ERROR ☞1033(3)—HARMLESS ERROR—IMMATERIAL EVIDENCE.

While a party may not be entitled to show that a witness was related to him, the other party cannot complain of admission of such evidence.

3. APPEAL AND ERROR ☞1050(1)—EVIDENCE —WAIVER OF OBJECTIONS.

A party cannot complain of the admission of evidence, where the same evidence has already been introduced without objection.

4. WITNESSES ☞275(2)—PERSONAL INJURIES —CROSS-EXAMINATION.

In a personal injury action, where plaintiff testified that he had been made numb by his injury, it was error to refuse to allow defendant to ask on cross-examination if he was too numb to feel a pick if he was working with it.

5. APPEAL AND ERROR ☞1048(6)—HARMLESS ERROR—EXCLUSION OF EVIDENCE.

Erroneous sustaining of objection to question, whether plaintiff's hand was so numb that he could not feel a pick handle if he was working with it, was cured by a later statement of the witness that he could feel a pick handle if he put his hand around it.

6. DAMAGES ☞207 — DEFAULT JUDGMENT — INQUIRY AS TO DAMAGES—EVIDENCE ADMISSIBLE.

In personal injury action, where plaintiff's right of recovery was foreclosed by a default judgment, in a trial merely upon an inquiry as to the amount of damages, the fact that defendant had a rule in force requiring employés to report any injury was irrelevant; although it would be otherwise where the inquiry is upon the question of negligence or contributory negligence.

Appeal from City Court of Birmingham; H. A. Sharpe, Judge.

Action by John King against the Tennessee Coal, Iron & Railroad Company for damages for personal injuries suffered while in the employment of defendant. Judgment for plaintiff, and defendant appeals. Transferred from the Court of Appeals under section 6, p. 449, Acts 1911. Affirmed.

A judgment by default was entered, and a writ of inquiry executed to ascertain the damages, and, upon the inquiry, the questions discussed in the opinion arose.

Percy, Benners & Burr, of Birmingham, for appellant. Beddow & Oberdorfer, of Birmingham, for appellee.

SOMERVILLE, J. [1] The minute entry shows a verdict as follows: "Thereupon came a jury of good and lawful men, to wit, * * * and eleven others." It is not necessary for the judgment entry to show the name of any member of the jury, and this entry sufficiently shows that the verdict was rendered by a jury of 12. The objection on this ground is without merit.

[2, 3] While a party may not be entitled as a matter of right to show that his witness is related to him, yet, if he does so, the other party ought to feel gratitude rather than resentment. He certainly cannot complain of it. In this case, however, the fact that the witness Jim King was plaintiff's brother had already been shown without objection.

[4, 5] Plaintiff testified that he had been made "numb" by his injury. There was error in refusing to allow defendant to ask him on cross-examination if he was too numb to feel a pick if he was working with it. But the error was cured when the witness afterwards stated that he could feel a pick handle if he put his hand around it.

[6] Plaintiff's right of recovery having been foreclosed by a default judgment, and the trial being merely upon an inquiry as to the amount of his recovery, the facts that defendant company had in force a rule requiring employés to report any injury they suffered to the boss, and that such a rule was known to plaintiff and he failed to so report, were in no possible sense relevant to the issue, and were properly excluded. It would be otherwise, of course, where the inquiry is upon the negligence of defendant, or the contributory negligence of plaintiff, and the rule in question related to neither of those matters. L. & N. R. R. Co. v. Orr, 94 Ala. 602, 10 South. 167.

No reversible error appearing from the record, the judgment will be affirmed.

Affirmed.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.