(100 South. 215)
**SOUTHERN RY. CO. v. BLACKWELL.**
(6 Div. 110.)

(Supreme Court of Alabama.   May 1, 1924.)

1. Carriers ⬯256—Carrier may exact extra charge for passenger's failure to purchase ticket.

A carrier may exact an extra charge for passenger's failure to purchase a ticket if it affords passenger a reasonable opportunity to do so.

2. Appeal and error ⬯1033(3)—Defendant cannot complain of allegation requiring plaintiff to assume unnecessary burden of proof.

Defendant could not complain in a passenger's action for damages for ejection of an allegation which required plaintiff to assume an unnecessary burden of proof.

3. Carriers ⬯381(4)—Evidence held not to show reasonable opportunity afforded passenger to buy ticket.

In passenger's action for ejection for refusing to pay excess fare on failure to purchase ticket, it appearing that plaintiff's attempt to buy ticket was foiled by other passengers ahead of him, and it not appearing that had plaintiff seasonably presented himself he would have been able to purchase ticket, carrier failed to show that plaintiff had reasonable opportunity to purchase ticket.

4. Carriers ⬯381(1)—Carrier has burden of showing that it afforded passenger reasonable opportunity to purchase ticket to justify extra charge.

In order to justify its exaction of an extra charge for failure to purchase ticket carrier has burden of showing that it afforded a prospective passenger a reasonable opportunity to purchase a ticket.

5. Carriers ⬯357—Demand of excess fare held not justified by conductor's ignorance of lack of opportunity to purchase ticket.

Where passenger without ticket was ejected for refusal to pay excess fare, conductor

could not excuse himself on ground that he was ignorant that passenger did not have reasonable opportunity to purchase ticket.

**6. New trial ⬤⟩155—Court held to have no power to deal with motion filed within less than but not submitted for hearing until after 30 days after judgment.**

Court lost its power to deal with motion for new trial filed on April 16, 1923, less than 30 days after judgment, where no order was made as to future date of hearing, and without intervening order motion was submitted on May 18, 1923.

Appeal from Circuit Court, Walker County; Ernest Lacy, Judge.

Action for damages by Hobart Blackwell against the Southern Railway Company. Judgment for plaintiff, and defendant appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Affirmed.

Bankhead & Bankhead, of Jasper, for appellant.

A carrier has a right to enforce regulations exacting extra charge for fare in case of failure to purchase a ticket, reasonable opportunity having been afforded the passenger before departure of the train. 10 C. J. 688; 5 R. C. L. 115; T. & P. v. Payne, 99 Tex. 46, 87 S. W. 330, 70 L. R. A. 946, 122 Am. St. Rep. 603; St. L. & S. F. v. Blythe, 94 Ark. 153, 126 S. W. 386, 29 L. R. A. (N. S.) 299; Mills v. M., K. & T., 94 Tex. 242, 59 S. W. 874, 55 L. R. A. 497; Reese v. Penna. R. Co., 131 Pa. 422, 19 Atl. 72, 6 L. R. A. 529, 17 Am. St. Rep. 818; Everett v. C., R. I. & P., 69 Iowa, 15, 28 N. W. 410, 58 Am. Rep. 207; Elliott on R. R. § 2430; Allen v. C., St. P., M. & O., 116 Minn. 119, 133 N. W. 462, Ann. Cas. 1913A, 1197; McGhee & Fink v. Reynolds, 117 Ala. 413, 23 South. 68; L. & N. v. Thomason, 6 Ala. App. 369, 60 South. 506; L. & N. v. Maxwell, 190 Ala. 47, 66 South. 669; P., C., C. & St. L. v. Russ, 57 Fed. 822, 6 C. C. A. 597.

Curtis, Pennington & Pou, of Jasper, for appellee.

Before exacting the extra charge, the carrier must have afforded a reasonable opportunity for the purchase of ticket. L. & N. v. Harper, 203 Ala. 398, 83 South. 142; Kennedy v. B. R., L. & P. Co., 138 Ala. 225, 35 South. 108; Evans v. M. & C., 56 Ala. 246, 28 Am. Rep. 771. The evidence afforded the inference that appellee had not been afforded a reasonable opportunity, and the affirmative charge for appellant was properly refused. Amerson v. Corona Co., 194 Ala. 175, 69 South. 601; Sloss Co. v. Jones, 207 Ala. 7, 91 South. 808; Crim v. L. & N., 206 Ala. 110, 89 South. 376; Pizitz Co. v. Cusimano, 206 Ala. 691, 91 South. 779.

SAYRE, J. Appellee recovered judgment against appellant for that appellant's conductor ejected appellee from a train. Appellee had no ticket, though he boarded the train at a station where a ticket office was maintained, and was ejected because he refused to pay an excess charge of 15 cents authorized and required by the rules of appellant in case the passenger fails to present a ticket.

Appellee's complaint, alleging all other circumstances of his case in great detail, alleged that at Parrish, the station at which he boarded the train, he was not "afforded an opportunity to buy a ticket," and the ground of demurrer now insisted upon is that the allegation should have been that he was not afforded a "reasonable opportunity."

[1, 2] Appellant had the right to adopt and enforce a regulation exacting an extra charge in case of the passenger's failure to purchase a ticket, provided it afforded the passenger a reasonable opportunity to purchase a ticket. L. & N. R. Co. v. Harper, 203 Ala. 400, 83 South. 142. Construing his complaint against appellee (plaintiff) on demurrer, by the allegation shown he assumed an unnecessary burden of proof, and of this appellant is not in a position to complain.

[3-5] Appellant's further contention along the same line is that on the evidence appellee failed to make a seasonable effort to purchase a ticket within the reasonable time afforded for that purpose on the occasion in question. The substance of the evidence was that appellee attempted during 7 or 8 minutes before defendant's train pulled away from the station to buy a ticket, but that, owing to the crowd of prospective passengers ahead of him awaiting their turn at the ticket window, he was unable to get a ticket. How long the window had been open for the sale of tickets does not appear; it does not appear, therefore, that had appellee presented himself seasonably at the window he would have been able to purchase a ticket, or, to state the proposition in another form, it was not made to appear that, had the ticket window been open for a reasonable time for the sale of tickets, the crowd ahead of appellee would not have been out of the way. In order to justify its exaction of the extra charge the burden was on appellant to show that it afforded prospective passengers a reasonable opportunity to purchase tickets. This it failed to show. Nor can the conductor be excused—and so, through him, appellant—on the ground that he was ignorant whether appellee had had reasonable opportunity to purchase a ticket. For the purpose in hand the conductor was appellant's alter ego, bound to know whatever appellant through its other agents knew. L. & N. R. Co. v. Harper, supra. The general affirmative charge requested by appellant was therefore well refused.

[6] In its motion for a new trial appellant assigned as ground, among other things, that the damages assessed were excessive.

⬤⟩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

This motion was filed April 16, 1923, less than 30 days after judgment. But at that time no order was made as to the future date of its hearing, and, without intervening order it was submitted to the court and overruled May 18, 1923. By this hiatus of 30 days the court lost its power to deal with the motion. Ex parte Margart, 207 Ala. 604, 93 South. 505; Mt. Vernon Mills v. Judges, 200 Ala. 168, 75 South. 916.

We find no error.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.