## *Ex parte* Highland Avenue & Belt Railroad Company.

*Application for Mandamus.*

1. *Motion for new trial must be made during term judgment is rendered; rule in city court.*— Under the provisions of the 20th section of the act to amend the act establishing the city court of Birmingham, approved February 28, 1889 (Acts 1888-89, p. 992) a motion for a new trial in a case must be made and brought to the attention of the court within 30 days from the rendition of judgment in the cause; and where the party cast in a suit in said city court spreads his motion for a new trial on the motion docket on the thirtieth day after the rendition of judgment against him, but said motion was not called to the attention of the court and no action asked on it until after the expiration of the 30 days, the court has no power to pass upon said motion.

The Highland Avenue & Belt Railroad Company filed its petition addressed to the judges of the Supreme Court, in which they alleged that on October 12, 1894, James W. Fennell recovered a judgment against the petitioner in the city court of Birmingham, in a cause then pending in said city court, in which James W. Fennell was plaintiff, and the Highland Avenue & Belt Railroad Company was defendant; that on November 12, 1894, the petitioner entered a motion on the motion docket of said court for a new trial, and that on November 19, 1894, "which was the first regular motion day of said court after the motion was entered on said docket," the petitioner called up said motion and asked the presiding judge of said court to pass upon and dispose of the same; "but counsel for the plaintiff not being present, and no personal notice having been given him, the judge of said court passed the same until the next motion day of said

court; that thereafter, to-wit, on November 26, 1894, the said motion was called to the attention of the judge presiding," but the judge refused to hear said motion, for the reasons stated in an order entered on the motion docket, which was in words and figures as follows : "November 26th, 1894 : It appearing to the court that after the trial of the cause mentioned in the foregoing motion, and since the rendition of the judgment therein, more than thirty days had elapsed before said motion was presented to the court, and also before notice thereof was given to the plaintiff, wherefore the court is without power to set aside said judgment for the grounds set forth in said motion : The court, therefore, declines to hear said motion upon its merits, but for the reason stated the same is hereby dismissed."

Upon these averments contained in the petition, the petitioner prayed to have a writ of *mandamus* issued from the Supreme Court to the judge of the city court of Birmingham, "directing and commanding him to hear, consider and pass upon the application or petition for a new trial."

ALEX. T. LONDON, for petitioner.—The court below erred in refusing to take action upon the motion for a new trial. The putting of the motion upon the motion docket within 30 days after the rendition of judgment was sufficient to give the court jurisdiction thereof. It has been expressly decided that entering a motion on the motion docket and calling it to the attention of the court during the term, gives the court power to continue said motion to the next term, and requires the court to act on it if demanded.— *Walker v. Hale*, 16 Ala. 26 ; *Gunnells v. Bank*, 18 Ala. 676; *Hundley v. Yonge*, 69 Ala. 89.

LANE & WHITE, *contra.*—The attention of the court was called to the motion entry after the expiration of the 30 days after the rendition of judgment ; and for this reason the court did not offer to act upon said motion. Simply spreading the motion upon the docket could not give it vitality. When the court's attention was called to the motion it had lost control over the judgment by the express words of the statute.—Acts 1888-89, p. 992.

HARALSON, J.—The 20th section of the act to amend

the act establishing the city court of Birmingham, approved 28th February, 1889, (Acts 1888-89, p. 1000), provides : "That final judgment and decrees rendered in said court shall, after the expiration of thirty days from their rendition, be taken and deemed as completely beyond the control of the court, as if the term of said court at which said judgments and decrees are rendered had ended at the end of said thirty days ; *provided*, however, that nothing herein contained shall prevent parties from applying for new trials or rehearings within said thirty days, or destroy or change the effect of motions for new trials or rehearings when so made, or shall prevent parties from applying to said court for a rehearing under the statute authorizing applications for rehearings in the circuit court, or shall prevent the court from retrying any cause under section 2871 of the Code of Alabama, or shall prevent the court from the exercise of any power or jurisdiction conferred upon the circuit court touching final judgments, or the chancery court touching final decrees."

Unless an application for a new trial or rehearing is founded on the statute—sections 2871 and 2872, the one within two years, for a release found after the rendition of the judgment, and the other within four months thereafter, for surprise, accident, mistake or fraud without fault on the part of defendant—the term of the court is the limit within which new trials may be granted by the court.—*Walker v. Hale*, 16 Ala. 27 ; *Pratt v. Keils*, 28 Ala. 396 ; *Florence Cotton & Iron Co. v. Field*, 104 Ala. 471. If a motion for a new trial has been made during the term at which a judgment is rendered, and the same has been continued, the court may, at a subsequent term, hear and dispose of it.—2 Brick. Dig. 276, §§ 3, 4. Such motions, however, are not continued by operation of law, if not decided at the term at which they are made. The usual general order of continuance, that "all causes and motions not otherwise disposed of are hereby continued until next term," will not keep such a motion alive ; but, in order to give it vitality at a subsequent term, and give the court power then to act on it, it must affirmatively appear from the record in the cause, that the motion was made and called to the attention of the court and continued during the term at which the judgment was rendered, otherwise the court is ever

afterwards without power to entertain it.—*Hundley v. Yonge*, 69 Ala. 90; *Gunnells v. The State Bank*, 18 Ala. 676.

The rule of practice for the circuit court, No. 2, requires the clerk to keep a separate docket on which to enter all motions made during the term. This rule, under the statute creating the city court of Birmingham, (Acts 1888-89, p. 1000, § 20), applies as well to the said city court. Rule 22 provides, that "all motions not acted on, or continued by order of the court, are to be considered discharged of course on the last day of the term." The keeping of this docket is directory and not mandatory. It is prescribed as a matter of convenience. If a motion were made, entertained and acted on, and the motion and ruling of the court entered on the record, the proceeding would, to all intents and purposes be as efficacious as if the motion and ruling had first been entered on the motion docket, and then entered of record. The motion docket, as we have repeatedly held, is no part of the records proper of the court, and the proceedings shown by it can only become so, by being enrolled as a matter of record, or by bill of exceptions.—*Lienkauff & Strauss v. The Tuscaloosa S. & A. Co.*, 99 Ala. 619. It was of no more controlling effect, therefore, that said motion was entered upon the motion docket, when the attention of the court was not called to it, and its action thereon invited, than if the motion, with like lack of attention, had been entered on a separate paper.

By the positive terms of the 20th section of said act, amending the act establishing said city court, which is set out above, it is provided, "That final judgments and decrees rendered in said court shall, after the expiration of thirty days from their rendition, be taken and deemed as completely beyond the control of the court, as if the term of said court at which said judgments and decrees are rendered had ended at the end of said thirty days." The end of thirty days after final judgments and decrees have been rendered in said court, as to them, is thereby made the end of the term of the court, and thereafter, the court has no more power or control over them, than it would have, if the term had finally adjourned. Our conclusion is, that the court was without power to pass on said motion as presented.

Mandamus denied.