# Birmingham Ry. L. & P. Co., *v.* Hinton.

*Action for Personal Injuries.*

(Decided April 17, 1906. 40 So. Rep. 988.)

1. *Motions; New Trial; Discontinuance; Waiver.*—A motion for
   a new trial was heard and determined on its merits, with-
   out objection or claim that the court was without authority
   to hear the same because the record failed to show an order
   continuing the motion. Held to be a waiver of the discon-
   tinuance.

2. *Negligence; Proximate Cause.*—The action was for injuries to
   a person on account of the railroad negligently setting fire
   to a dwelling. The evidence showed that the person escaped
   from the house without injury, but returned to the burning
   house and received the injuries complained of. · Held, that
   the casual connection between the negligence charged and
   the injuries received was not broken by leaving the house
   in the first instance.

APPEAL from Jefferson Circuit Court.
Heard before Hon. A. A. COLEMAN.

In the original case appellee sued appellant for personal injuries alleged to have been received by her while escaping from a burning house in which she was living, and it is alleged that the fire was caused by sparks emitted from an engine on defendant's railway, which was negligently operated or was negligently allowed to be operated without the proper appliances for arresting the sparks, etc. The defense set up, and which seems to be supported by the testimony, was that she escaped from the house and reached a place of safety without injury, and afterwards left her place of safety and returned to the burning building, and on coming out after her return she received the injuries complained of. Under the charge of the court the jury returned a verdict for the defendant, whereupon the plaintiff moved the court to set aside the verdict of the jury and judgment in said cause on the grounds: "(1) The court erred in that part of its oral charge to the jury in which it charged the jury to the effect that if the plainitff, after the house was discovered to be on fire, got out or was carried out of the house to a place of safety, and then went back into the house and was burned,, she cannot recover. (2) The court erred in giving the third written charge requested by the defendant, as follows: 'If the jury believe from the evidence that the plaintiff, after the house caught fire, got out of it in safety, and voluntarily returned to it with her sister, and was therefore burned, the jury must find for the defendant.' (3) The court erred in giving the fifth written charge requested by defendant, which is as follows: 'If the jury are not reasonably satisfied from all the evidence whether the house caught on fire from the outside, or from the closet and on the inside of the house, the jury must find for the defendant.' (4) The court erred in giving the sixth written charge requested by the defendant, as follows: 'If plaintiff is entitled to recover at all, she can only recover such damages, including pain and suffering, as was caused by her burns, and cannot recover for having to go in the night in the cold, and cannot recover punitive dam-

ages.'" This motion was filed November 30, 1904. The entries on the motion docket as to the disposition of this motion are as follows: "Dec. 10, 1904, passed to Dec. 17, 1904. Dec. 17, '04, passed to Dec. 24, '04. Dec. 24, '04, passed to Jan. 7, '05. Jan. 14, '05, passed to Saturday, 21st of Jan., '05." On the 21st day of January, 1905, the motion was heard and granted.

TILLMAN, GRUB, BRADLEY & MORROW, for appellant.—Between the ages of 7 and 14, children are *prima-facie* incapable of contributory negligence, but this presumption may be removed by evidence, and the court in its oral charge properly left that question to the jury, when it hypothesized that the plaintiff voluntarily returned to the house.—*Chattanooga Light & Power Co. v. Hodges,* 60 L. R. A. 459. The case of *Hinton v. Birmingham Light & Power Co.,* is clearly distinguishable from this case. Another conclusive reason why the motion for new trial should have been denied is that there was a lapse or discontinuance by reason of the fact that there was no order continuing or passing it from Jan. 7th to Jan. 14th.—*Ex parte Highland Ave. & Belt R. R. Co.,* 105 Ala. 223; *Gunnels v. State Bank,* 18 Ala. 676; *Hundley v. Yonge,* 69 Ala. 89.

J. A. ESTES, for appellee.—The court properly granted the motion for new trial on account of error in its oral charge.—*Birmingham Ry. Light & P. Co. v. Hinton,* 37 So. 635; 123 Ala. 235; 45 Am. & Eng. R. R. Cases, 583; 74 Mich. 20; 78 Mich. 681. No hiatus or lapse occurred such as to work a discontinuance of the motion.

WEAKLEY, C. J.—If the failure of the record to show an order on January 7, 1905, continuing the motion for a new trial until the 14th day of the same month, operated as a discontinuance, yet the motion was heard and decided upon the merits, without objection on the part of the appellant, so far as the bill of exceptions discloses, or without any claim or contention that the

[Birmingham Ry. L. & P. Co. v. Hinton.]

court was without authority to entertain the motion at the time it was granted. This was a waiver of the discontinance, if any existed.—*McCarver v. Doe, ex dem. Herzberg*, 135 Ala. 542, 33 South. 486. In *Ex parte Highland Ave. & Belt R. R. Co.*, 105 Ala. 221, 17 South. 182 relied on by appellant, the presiding judge declined to entertain the motion for a new trial, and no question of waiver was presented or decided. Upon the merits of the motion, the case is ruled by the decision of this court, upon substantially the same facts, in *Birmingham Ry. L. & P. Co. v. Hinton*, 141 Ala. 606, 37 South. 635. We are unable to distinguish that case from this. If the plaintiff's injuries were received from the fire originated by the defendant, the chain of causation between its negligence and the plaintiff's injuries was not, under the circumstances, broken by her removal from the burning house just prior to her return to the building.

The charges given at the instance of the defendant, upon the trial before the jury, were not in harmony with the law as declared by this court in *Hinton's Case, supra,* which, it must be said, had not been decided at the time of the trial; and the learned circuit judge very properly corrected his error upon being advised, no doubt, of the decision by this court upon the same question, by granting the plaintiff a new trial.

It is insisted for appellant that, notwithstanding the charge given asserted an erroneous legal proposition, yet a new trial should not have been granted; and this insistence rests upon the contention that the affirmative charge should or could have been given because of an entire want of evidence tending to show plaintiff's injuries were attributable to the fire originated by the defendant. This contention cannot be maintained. There was evidence from which the jury might have found that plaintiff's burns were caused by fire from the burning building, and in no other way.

Affirmed.

TYSON, SIMPSON, and ANDERSON, JJ., concur.