## Southern Railway Co. *v.* Griffith.

### *Wrongful Ejection of Passenger.*

(Decided February 1, 1912.  Rehearing denied May 1, 1912.
58 South. 425.)

1. *Courts; Vacating Judgment; Time.*—Under section 20, Acts 1888-9, p. 1000, the City Court of Birmingham loses control of judgments rendered by it after 30 days from the rendition thereof, and an order of said court made on June 24, setting aside a judgment rendered January 11, previous, is unauthorized.

2. *Same.*—After the completion or adjournment of a term of court a judgment rendered thereat passes beyond its control, and no order of the court thereafter can affect the judgment, except as prescribed by statute.

APPEAL from Birmingham City Court.

Heard before Hon. CHARLES W. FERGUSON.

Action by J. E. Griffith against the Southern Railway Company, for wrongful ejection of passenger.  There was judgment for defendant, which, on motion, the court set aside under the circumstances stated in the opinion, and the defendant appeals.  Appeal dismissed.

L. E. JEFFRIES, J. T. STOKELY, and R. H. SCRIVNER, for appellant.  The court was without authority to rectify the judgment as the judgment had passed beyond its control.—Sec. 11, Code 1907; Sec. 20, Acts 1888-9, p. 1000; *Ex parte H. A. & B. R. R. Co.,* 105 Ala. 221; *Ex parte Payne,* 130 Ala. 189.

[Southern Railway Co. v. Griffith.]

ARTHUR L. BROWN, for appellee. Whatever power the court lacked to set aside the judgment and grant the motion, was waived by appellant.—*B. R. L. & P. Co. v. Hinton,* 146 Ala. 275; *McCarver v. Doe ex dem.,* 135 Ala. 542; *Ala. S. & W. Co. v. Sells,* 168 Ala. 549; *Ex parte Hall,* 49 Ala. 675.

SIMPSON, J.—The judgment in this case was rendered on the 11th day of January, 1911. A motion to set aside the judgment was filed on the 10th day of February, 1911, which motion was not called to the attention of the court until the 11th day of February, 1911, at which time said motion was continued to February 20, 1911, and thereafter continued from time to time until June 24, 1911, when an order was entered granting the same, from which said judgment this appeal is taken.

This court has heretofore fully considered the Act of February 28, 1889 (Acts 1888-89, p. 992), by which the city court of Birmingham was created, and has held that, under the words of that act, "in order to give it (the motion) vitality at a subsequent term, and give the court power then to act on it, it must affirmatively appear from the record in the cause that the motion was made and called to the attention of the court, and continued during the term at which the judgment was rendered; otherwise the court is ever afterwards without power to entertain it."—*Ex parte Highland Avenue & Belt R. Co.,* 105 Ala. 221, 223-224, 17 South. 182, 183. This necessarily follows from the wording of the act, which provides (section 20) : "That final judgments and decrees rendered in said court shall, after the expiration of thirty days from their rendition, be taken and deemed as completely beyond the control of the court, as if the term of said court at which said judgments and decrees

are rendered had ended at the end of said thirty days."
As this court said, in the case just cited: "The end of
30 days after final judgments and decrees have been ren-
dered in said court, as to them, is thereby made the end
of the term of the court, and thereafter the court has no
more power or control over them than it would have if
the term had finally adjourned."

The case of *Birmingham Railway, Light & Power
Company v. Hinton,* 146 Ala. 273, 40 South. 988, is not
in conflict with this proposition. In that case the mo-
tion was made in proper time, and continued from time
to time; but at one of the subsequent dates the record
failed to show an entry continuing the motion to the
next succeeding date, at which it was taken up and con-
tinued to another date at which it was disposed of, so
that the only question was whether said hiatus amount-
ed to a discontinuance of the motion, and the court held
that, as it was then taken up and disposed of without
objection, "this was a waiver of the discontinuance."

In the present case it is a question of the power of the
court, and it is a familiar law that after the adjourn-
ment of a term the judgments have passed beyond the
power and control of the court, and no order or orders
of the court thereafter can effect said judgment in any
way save in the cases and mode prescribed by statute.

The judgment of the court being void the appeal is
dismissed.

Appeal dismissed. All the Justices concur, except
DOWDELL, C. J., not sitting.