(75 South. 916)

MT. VERNON WOODBURY MILLS v. JUDGES OF FIFTEENTH CIRCUIT.
(5 Div. 667.)

(Supreme Court of Alabama. May 17, 1917. Rehearing Denied June 21, 1917.)

1. NEW TRIAL ⬥155—TIME FOR HEARING—CONTINUANCE—POWER OF COURT AT SUBSEQUENT TERM.

The ordinary motion for new trial is not continued by operation of law if not decided at the term at which it is made, nor will a general order continuing all cases and motions not otherwise disposed of keep a motion for new trial alive, but to give it vitality at a subsequent term and give the court power then to act on it the record must show affirmatively that the motion was made and called to the attention of the court and continued during the term at which judgment was rendered, otherwise the court is ever afterwards without power to entertain it.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. § 315.]

2. NEW TRIAL ⬥155—TIME FOR HEARING—CONTINUANCE—POWER OF COURT AT SUBSEQUENT TERM.

Where the court failed to act upon a motion for new trial within the time limited by an order of continuance of such motion for 30 days or to make an order of further continuance, the motion was discontinued, and the court could not thereafter hear the motion except by consent of the parties.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. § 315.]

Petition for a writ of mandamus by the Mt. Vernon Woodbury Mills against the Judges of the Fifteenth Circuit. Writ granted.

Frank W. Lull, of Wetumpka, for petitioner. Smoot & Mullins, of Wetumpka, for respondents.

SAYRE, J. In a proceeding instituted by the county board of equalization to raise the values of property returned for taxation by the petitioner, an appeal was taken to the circuit court where trial, verdict, and judgment pursuant to the provisions of section 292 of the act "To provide for the assessment, valuation and equalization of values of real and personal property for taxation," etc., approved September 14, 1915 (Acts 1915, pp. 386–488), were had on October 9, 1916, after which and during the term the Attorney General spread upon the docket a motion for a new trial. On the last day of the term the following notation was made upon the motion docket: "October 21, 1916. Motion continued for thirty days. Leon McCord, Judge." An adjourned term of the circuit court sat from November 15th to November 18th, but neither at that term nor at any other time was any action taken in respect to the motion until January 8, 1917, when, the circuit court for the county being then in session for the first time since November 18th, the court set aside the judgment and ordered a new trial; this over the objection of the petitioner, appropriately made, that the court had lost all power over the judgment and motion. Thereafter the Mt. Vernon Woodbury Mills filed this petition for a writ of mandamus to compel the vacation of the order of January 8, 1917.

[1, 2] "There must be an end of litigation, and a time must come when the power of the court over the judgment must cease, notwithstanding the motion may not have been disposed of" (Walker v. Hale, 16 Ala. 26), and hence this court has uniformly held throughout its history that the ordinary motion for a new trial is not continued by operation of law, if not decided at the term at which it is made, nor will a general order continuing all causes and motions not otherwise disposed of suffice to keep such a motion alive; but, in order to give it vitality at a subsequent term, and give the court power then to act on it, the record must show affirmatively that the motion was made and called to the attention of the court and continued during the term at which judgment was rendered, otherwise the court is ever afterwards without power to entertain it. Ex parte Highland Avenue & Belt R. R. Co., 105 Ala. 221, 17 South. 182; Shipp v. Shelton, 193 Ala. 658, 69 South. 102, and cases there cited. Now the act of September 22, 1915 (Acts 1915, p. 707), provides that:

"The circuit courts of the several counties of the state shall be open for the transaction of any and all business, or judicial proceedings of every kind, from the first Monday in January to, and including, the last Saturday of June of every year; and from the first Monday after the Fourth of July to, and including the last Saturday before Christmas day of every year."

And:

"That after the lapse of thirty days from the date on which a judgment or decree was rendered the court shall lose all power over it, as completely as if the end of the term had been on that day, unless a motion to set aside the judgment or decree, or grant a new trial has

been filed and called to the attention of the court, and an order entered continuing it for hearing to a future day."

This last-quoted provision of the act follows substantially the provision of the Jefferson county practice act, which was reproduced in Ex parte Highland Avenue & Belt R. R. Co., supra, and other similar local acts governing the practice in a number of courts for which continuous sessions were provided, and there can be no doubt that in the passage of the act of September 22, 1915, the Legislature had in mind these local laws and the decisions of this court in respect to them. An application to this case of the rule of decision heretofore laid down in reference to similar enactments results in the conclusion that the failure to act upon the motion within the time limited by the order of continuance or to make an order of further continuance operated to discontinue the motion and put it without the power of the court thereafter to hear the motion unless by consent of the parties (Sou. Ry. Co. v. Griffith, 177 Ala. 364, 58 South. 425; McCarver v. Herzberg, 135 Ala. 542, 33 South. 486; Ex parte Highland Avenue & Belt R. R. Co., supra), and this we say without intending at all to deny that in the first place the court might have appropriately continued the motion to the next regular call of the docket, though that were then more than 30 days in the future.

Mandamus will issue according to the prayer of the petition unless the judge below, upon being advised of this opinion, shall set aside the order granting a new trial.

Writ granted.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.