(93 South. 505)

Ex parte MARGART. (4 Div. 984.)

(Supreme Court of Alabama. April 20, 1922. Rehearing Denied June 1, 1922.)

I. New trial ⊂⊃156—Motion not kept alive by general order of continuance.

A general order continuing all causes and matters not specifically marked continued will not keep alive a motion for new trial.

2. New trial ⊂⊃156—Written order of continuance necessary to keep alive motion for new trial.

Under Acts 1915, p. 708, providing that, after the lapse of 30 days from rendition of judgment or decree, the court shall lose all power over it, unless a motion to set aside the judgment or decree or grant a new trial has been filed and called to the court's attention, and an order entered continuing it for hearing to a future day, it is necessary, to keep a motion for new trial alive by order for continuance, that the order be written, and an oral statement by the judge is insufficient.

Petition of Mrs. A. M. Margart for a writ of mandamus to Hon. J. S. Williams, Judge of the Third judicial circuit. Transferred from Court of Appeals. Section 6, Acts 1911, p. 449. Writ granted.

Chauncey Sparks, of Eufaula, for petitioner.

The circuit court cannot entertain a motion for new trial, unless filed and called to the attention of the court within 30 days from the date of judgment, and an order entered within said 30 days continuing it for a hearing to a future date. Acts 1915, p. 707, § 3; 69 Ala. 89; 200 Ala. 168, 75 South. 916; 201 Ala. 86, 77 South. 380; 17 Ala. App. 83, 81 South. 861; 17 South. 182; 177 Ala. 364, 58 South. 425; 20 Ala. 286; 20 Ala. 364, 56 Am. Dec. 200; 130 Ala. 201, 30 South. 732; 16 Ala. App. 243, 77 South. 81.

W. H. Merrill, of Eufaula, for respondent.

Mandamus will not be granted, where there is any other legal remedy. 26 Cyc. 189; 200 Ala. 440, 76 South. 372; 16 Ala. App. 670, 81 South. 190; 83 South. 11; 87 South. 801; 142 Ala. 116, 38 South. 183. The orders of continuance and judgment on motion were properly rendered. The rendition of the judgment is the judicial act; entry of the judgment ministerial. 23 Cyc. 835; 152 Ala. 133, 44 South. 602.

MILLER, J. On May 2, 1921, Mrs. A. M. Margart obtained judgment against W. H. Foy and others in the circuit court of Barbour county. On May 4, 1921, the defendants filed in writing in the court a motion for new trial, and it was called to the attention of the court, and the attorney for the plaintiff accepted notice of the filing of the motion. No order was entered by the court continuing it for hearing to a future day.

Before the expiration of the 30 days from the filing of the motion, the attorney for defendant, on May 11, 1921, made application by telephone to the judge of the court to continue the motion, and the judge stated to the attorney for the defendant that the motion was continued until June 15, 1921. Neither plaintiff nor her attorney had notice of such continuance. This order of continuance was not entered in the record at the time. On June 15, 1921, the attorney for defendants again applied to the judge of the court for another continuance of the motion; and the judge of the court "stated to the attorney making such request for such continuance that the hearing of said motion was continued until October 31, 1921." The defendants' attorney was then sick in a hospital. Neither plaintiff nor her attorney had notice of such continuance. This order of continuance was oral, and not entered in the record at the time. On October 31, 1921, formal orders were entered in writing in the record: One dated May 11, 1921, continuing the motion until June 15, 1921; one dated

June 15, 1921, continuing the motion until October 31, 1921; and one dated October 31, 1921, denying the motion. All three of these orders were entered in writing by the judge in the record, and signed by him on October 31, 1921. Neither the plaintiff nor her attorney was present in court when said orders were entered on October 31, 1921, and they had not notice of them. The plaintiff, Mrs. Margart, makes application for writ of mandamus to require the judge of that court to set aside the judgment and orders of continuance entered on the motion, and to require him to enter an order discontinuing the motion.

[1] Was the motion for new trial filed by the defendants discontinued before the final order, refusing the motion, was made by the court on October 31, 1921? There was in the minutes a "general order for the continuance of all such causes and matters as are not specifically marked continued." This court, in Mt. Vernon W. Mills v. Judges, 200 Ala. 168, 75 South. 916, held:

"Nor will a general order continuing all causes and motions not otherwise disposed of suffice to keep such a motion alive."

[2] Section 3 of the act of September 22, 1915 (Acts 1915, p. 708), applicable, reads:

"After the lapse of thirty days from the date on which a judgment or decree was rendered the court shall lose all power over it, as completely as if the end of the term had been on that day, unless a motion to set aside the judgment or decree, or grant a new trial has been filed and called to the attention of the court, and an order entered continuing it for hearing to a future day."

This statute contemplates and requires that a motion for a new trial must be filed, and it must be called to the attention of the court and the court must enter an order continuing it for hearing to a future day; all to be done within thirty days after the date of judgment. These things must be done to prevent the court from losing all power over it. The day set for the hearing may be more or less than thirty days after the date of the judgment, and the hearing may be continued by the court from time to time by proper orders. Mt. Vernon W. Mills v. Judges, 200 Ala. 168, 75 South. 916.

What is the meaning of these words: "An order entered continuing it for hearing to a future day"? In the connection used they mean, when put into practical effect, that the court, after the motion is filed and called to its attention, must, within 30 days after the date of the judgment, by an order entered in the minutes of the court or by an order entered on the motion docket or by an order entered in writing filed in the cause, continue the motion for hearing to a future day. "An order entered continuing it for hearing to a future day" does not mean an oral statement made by the judge (not in open court) continuing it for hearing to a future day. If the order of continuance of the motion for hearing to a future day is made orally by the court or the judge of the court, when or after the motion is called to his attention, then such oral order must, within 30 days after the date of the judgment, be entered in the minutes of the court or be entered in writing on the motion docket, or entered in writing and filed in the cause. If the motion is heard and granted or refused by the court, and judgment entered thereon within 30 days after the date of the judgment, this obviates any necessity for the record to show an order entered continuing the hearing to a future day, as the court has control of the judgment for 30 days after it is rendered.

Within 30 days after the judgment was rendered, a motion for a new trial was made, filed in the cause by defendant, and it was called to the attention of the court, and plaintiff accepted notice of it; but no order was entered of record by the court within 30 days after the date of the judgment, continuing it for hearing to a future day. The judgment was obtained May 2, 1921; the motion was filed May 4, 1921; the judge stated orally to defendants' attorney on May 11, 1921, that the motion was continued to June 15, 1921, and on June 15, 1921, the judge stated orally to the attorney for the defendants that the motion was continued to October 31, 1921. Neither the plaintiff nor her attorney knew of these oral continuances of the motion. Court adjourned at midnight on June 25, 1921, by operation of law. Section 1, Act approved September 22, 1915 (Gen. Acts 1915, p. 707). There was nothing in the record when the court finally adjourned showing affirmatively these oral continuances of the motion. The motion was on October 31, 1921, without the presence or knowledge of plaintiff or her attorney, refused, and the two oral orders of continuance were put in writing that day on the record. This was too late. The court had lost control of the motion. It had been discontinued. No order was entered as the statute requires, within 30 days after the date of the judgment, continuing the motion for hearing to a future day. The court had on June 25, 1921, finally adjourned by operation of law, without the record affirmatively showing a compliance with the statute by proper orders of continuance of the motion being entered. The court had no authority then (October 31, 1921), without the consent of the parties, to enter of record the two oral continuances of the motion, and to pass on the motion. Sections 1 and 3, Acts 1915, pp. 707, 708; Shipp v. Shelton, 193 Ala. 658, 69 South. 102; So. Ry. Co. v. Griffith, 177 Ala. 364, 58 South. 425; Mt. Vernon W. Mills v. Judges, 200 Ala. 168, 75 South. 916.

Should the judge of the circuit court, when informed of this opinion, fail to set aside

the three orders made on the motion, two continuing it, made by him in writing on October 31, 1921, and dated respectively May 11, 1921, and June 15, 1921, and the order refusing the motion dated October 31, 1921, then let the writ of mandamus issue according to the prayer of the petition.

Writ granted.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.

#### On Rehearing.

MILLER, J. The respondent insists the petition for writ of mandamus should not be granted and the writ awarded under authority of Ex parte Schoel, 205 Ala. 248, 87 South. 801. The difference between that case and this one is striking and marked. The discontinuances, if any, in that case were waived by the petitioner. There was no waiver of them by this petitioner. In that case the petitioner was present and contested the motion, heard the judge from the bench take it under advisement from June 2d to June 4th, and petitioner did not object. In this case the petitioner was not present at the hearing of the motion, knew nothing of it until afterwards. In that case it appears the motion for new trial was discontinued under the act of 1915 (Gen. Acts 1915, p. 708, par. 3); but the petitioner appeared afterwards and contested the motion on the merits, without raising the question of discontinuance, and thereby waived it. This put new life in the motion; it was revived by the parties, and, when the motion was heard on June 2, 1921, and the judge from the bench ordered it continued without any entry of record for decision until June 4, 1920, there was no objection to it by the petitioner, and the formal entry continuing it from June 2d to June 4th was entered on June 4th, when the decision was rendered. The petitioner was present, could have objected, but did not when the court continued orally from the bench the motion from June 2d to June 4th, because it was not entered of record; and if the court had refused to enter it of record the petitioner could have excepted. The court did not decide in that case that an oral continuance of the motion within 30 days after the judgment could be entered of record in writing after the expiration of 30 days from the date of the judgment. This would have been contrary to the statute. Section 3, Gen. Acts 1915, p. 708. The oral continuance to a future date, if that future date is more than 30 days from date of judgment, must be entered in writing in the cause within 30 days from the date of judgment under the statute.

In the instant case the petitioner was not present when the oral continuances were made; she had no knowledge of them. She was not present when the motion was heard and decided; she knew nothing of it until afterwards. A term of the court ended, and there was nothing in the record showing a continuance of the motion for a new trial when the court adjourned by operation of law. She did not waive by word or act any of the discontinuances; and she had no opportunity to object to any of them. She knew nothing of them. The court had lost control of the motion. The motion was discontinued; it died within 30 days after the judgment was rendered, because within that time no order was entered continuing the hearing to a future day. It was not revived by the acts or words of the parties afterwards. It was dead long before the 31st day of October, 1921; it remained dead; yet on that date, without the knowledge or consent of petitioner or her attorney, a record was made by the court showing it was decided by the court under written orders of continuances regularly made, entered of record, in time, and in full accord with section 3 of an act approved September 22, 1915 (Gen. Acts 1915, p. 708).

From the facts of that case (Ex parte Schoel, 205 Ala. 248, 87 South. 801) it appears the remedy of petitioner was adequate by appeal, and the remedy, if any, was not by mandamus. However, in this case the facts are entirely different; an appeal could not afford the petitioner an adequate remedy, and the application for rehearing is overruled.

Application for rehearing overruled.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.