(113 So. 14)
GREER et al. v. HEYER. (1 Div. 429.)

Supreme Court of Alabama. May 19, 1927.

**1. New trial ⬅155—Court held not without power to grant new trial after expiration of time for motion (Code 1923, § 6670).**

Where motion for new trial was heard and argued by counsel and taken under advisement by the court before expiration of time for hearing fixed by prior orders of continuance, but no decision made until after expiration of such time, *held*, under Code 1923, § 6670, court had not lost control of original judgment at time of granting motion for new trial.

**2. New trial ⬅156—Under statute, motion for new trial must be filed within 30 days, and if not heard within that time must be continued by order made within time fixed by former orders (Code 1923, § 6670).**

Established construction of Code 1923, § 6670, is that motion for new trial must be filed within 30 days, and if not heard within that time must be continued by a special order or successive orders of continuance made within the time fixed by former orders.

**3. New trial ⬅156—Rule that consent proceedings, recognizing cause as still pending, waive any prior ground of discontinuance applies to motions for new trial.**

Consent proceedings, which necessarily recognize the cause as still pending, operate as a waiver of any prior ground of discontinuance, which rule applies to motions for new trial.

**4. New trial ⬅156—Question of court's power to grant new trial held waived by subsequent consent proceedings.**

Where, after granting of plaintiff's motion for new trial, plaintiff's motion for leave to amend complaint was by consent of defendant continued for the term, *held*, defendant thereby waived question previously raised as to court's power to grant new trial at time when motion was granted.

Appeal from Circuit Court, Mobile County; Claude A. Grayson, Judge.

Action of trespass by James Heyer against Autrey Greer and others, doing business as Greer, Dumas & Co. From a judgment granting plaintiff's motion for a new trial, defendants appeal. Affirmed.

Lyons, Chamberlain & Courtney, of Mobile, for appellants.

The failure of the court to act upon the motion for new trial within the time limited by special orders of continuance operated as a discontinuance of the motion, and divested the court of power thereafter to consider the motion. Mt. Vernon Woodbury Mills v. Judges, 200 Ala. 169, 75 So. 916; Ex parte Schoel, 205 Ala. 248, 87 So. 801; Childers v. Samoset Cotton Mills, 213 Ala. 292, 104 So. 641.

Stevens, McCorvey, McLeod, Goode & Turner, of Mobile, for appellee.

When a motion for a new trial has been filed within 30 days after judgment, as required by law and continued specially for hearing to a future day, and is on such future day argued by counsel for both parties and thereafter taken under submission by the court, the court may thereafter make its decision on the motion at any time during the same term, or else continue it to the next term. Acts, 1915, p. 707, § 3; circuit court rule 22, 4 Code 901; Childers v. Samoset Cotton Mills, 213 Ala. 292, 104 So. 641; Southern R. Co. v. Blackwell, 211 Ala. 216, 100 So. 215.

BOULDIN, J. The appeal is from a judgment granting a new trial upon motion of plaintiff.

[1] The sole question presented in argument is whether the court had lost control over the original judgment and it had become final for failure to keep alive the motion for new trial by proper orders of continuance, under Code, § 6670.

The motion for new trial, filed within 30 days, was regularly continued by consent of the parties until March 20, 1926. No order of continuance was made on or prior to that date, further extending the time for hearing the motion. The new trial was granted on May 5, 1926. Without more, the motion had lapsed, and the court had lost control over the original judgment.

[2] The established construction of the statute is that the motion must be filed within 30 days, and if not heard within that time must be continued by a special order, or successive orders of continuance made within the time fixed by former orders. Mt. Vernon Woodbury Mills v. Judges, 200 Ala. 168, 75 So. 916; Ex parte Margart, 207 Ala. 604, 93 So. 505; Southern Ry. Co. v. Blackwell, 211 Ala. 216, 100 So. 215.

But the order for a new trial recites that the motion "coming on to be heard, and having been argued by counsel on a previous day of this term and submitted to the court," it was ordered the motion for a new trial be granted, etc.

The bill of exceptions made part of the record on appeal, after reciting the orders of continuance to March 20, 1926, proceeds:

"That on said 20th day of March, 1926, the said motion was duly argued by counsel for plaintiff and by counsel for defendant, and on said day was taken under submission by said judge."

The question then is, Did the hearing of the motion on the day to which it was regularly continued, and taking the same under submission or advisement, operate to keep the motion alive until acted upon May 5th?

In Childers v. Samoset Cotton Mills, 213 Ala. 292, 104 So. 641, the question was whether an appeal had been taken in time, which turned upon when the motion for new trial expired by operation of law. It was held that where the motion was taken under consideration on a date to which it had been regularly continued and not acted upon during the term, the time for appeal would date from the end of the term of court fixed by law.

The necessary effect of the decision is that the submission and taking the motion under advisement operated to keep the motion alive until the end of the term. For the purposes in hand, the hearing is regarded as pending, the trial of the motion is constructively in progress until the judgment is rendered, not beyond the limits of the term of court. We approve and follow that rule as most promotive of justice. The movant should not be called upon to disturb the trial judge by calling for a decision on the date of submission, or for continuances from time to time, pending his consideration of the motion.

[3, 4] Moreover, the record before us discloses that on May 8th, three days after the new trial was granted, the plaintiff asked leave to amend the complaint as per amendment then filed; and on July 31st, thereafter, this motion was by consent continued for the term.

It has long been settled that the rule as to waiver of discontinuances applies to motions for a new trial; that consent proceedings, which necessarily recognize the cause as still pending, operate as a waiver of any prior ground of discontinuances. Shipp v. Shelton, 193 Ala. 658, 69 So. 102; B. R. L. & P. Co. v. Hinton, 146 Ala. 273, 40 So. 988; McCarver v. Herzberg, 135 Ala. 542, 33 So. 486; Lewis v. Martin, 210 Ala. 401, 410, 98 So. 635; Liverpool, etc., v. Lowe, 208 Ala. 12, 93 So. 765; Childers v. Samoset Cotton Mills, 213 Ala. 292, 104 So. 641.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.