188 So. 384

## JONES v. STATE.

4 Div. 39.

Supreme Court of Alabama.

April 27, 1939.

W. R. Belcher, of Phenix City, for appellant.

Thos. S. Lawson, Atty. Gen., and Wm. H. Loeb, Asst. Atty. Gen., for the State.

KNIGHT, Justice.

The appellant was indicted by a Grand Jury of Russell County for the offense of murder in the first degree, and upon his trial upon said indictment was convicted of murder in the first degree, as charged, and his punishment fixed by the trial jury at death. From the judgment and sentence pronounced upon the verdict against the appellant, defendant in the court below, this appeal is prosecuted.

In the outset we are confronted by a motion of the State to strike the bill of exceptions found in the record. The State's motion is predicated upon the ground that what purports to be the bill of exceptions was not filed and presented to the trial judge, or filed.with the Clerk of the Circuit Court of Russell County, within 90 days from the date on which the judgment was rendered, nor within 90 days from the date on which the judgment on the motion for new trial was entered in said cause.

It affirmatively appears that the trial of the defendant was had on May 11th, 1938, and that sentence was pronounced upon the defendant on May 14th, 1938, upon the verdict of the jury, which was returned into court on May 11th, 1938; that a motion for new trial was filed in said cause on May 20th, 1938, and that this motion was by proper orders continued from time to time until October 3rd, when, on that day, it was heard and considered by the court, and by proper order entered was overruled and denied. This judgment and order overruling the motion for new trial was made, entered and dated October 3rd, 1938.

The bill of exceptions was not filed and presented to the trial judge, nor filed with the clerk of the circuit court of said county, until January 3rd, 1939, which was more than 90 days from the date on which the defendant's motion for new trial was overruled. The motion of the State to strike the bill of exceptions upon the stated ground is granted and the bill of exceptions stricken. It is so ordered. Code, §§ 6433, 6434; Stroup v. Alabama Power Co., 216 Ala. 290, 113 So. 18; City of Albany v. Black, 216 Ala. 4, 112 So. 433; Ex parte Hill, 205 Ala. 631, 89 So. 58; Patterson. v. State, 229 Ala. 270, 156 So. 567.

However, we do not wish to be understood as holding that this ·Court is without authority or power to refuse to strike a bill of exceptions in a criminal case, when not presented in 90 days to the trial judge. If from our inspection of the bill of exceptions, as signed by the trial judge, we shall reach the conclusion that a defendant's constitutional right to a fair and impartial trial has not been accorded him, we will not, in the exercise of our discretion, hesitate to overrule a motion to strike the bill of exceptions based upon the ground that the bill was not presented to the trial judge within 90 days from the date of the judgment, or within 90 days from the date of the order overruling a motion for a new trial.

The statute—Section 6434 of the Code—is not mandatory upon us, nor are we otherwise under any imperative duty to strike the bill of exceptions in such cases. The matter is addressed to our sound discretion, to be wisely exercised in all cases. We may, or may not, strike the bill of exceptions, depending upon our conclusion as to whether or not a defendant's constitutional rights in a criminal case have or have not been secured to him.

To refuse to strike a bill of exceptions in all cases, on motion of the attorney general (when the bill was not timely presented), will be a departure from our former holdings in such cases, but we are convinced that the relaxation of the rule in grave and important criminal cases, involving the constitutional rights of a defendant, will serve to promote the ends of justice. After all, courts are organized to administer justice without sale or denial.

In the instant case, an examination of the bill of exceptions discloses no violation of any constitutional right of the defendant, and hence we have granted the motion of the attorney general to strike the bill of exceptions upon the grounds indicated in this opinion.

With the bill of exceptions stricken, we are left with only the question of determining whether any errors appear upon the record proper. This record shows indictment in due form of law, charging defendant with murder in the first degree, properly returned into court, and duly authenticated; due and proper arraignment of defendant upon said indictment, and his

**616**

pleas of not guilty, and not guilty by reason of insanity duly entered in said cause; proper order setting the case for trial, and order for special venire of jurors to try the defendant upon said indictment; and due and proper order directing the service by the sheriff of Russell County of a copy of the indictment and of the special venire upon the defendant, all as the law directs in such cases. The record shows the personal presence of the defendant, attended by his counsel, in open court when each of said orders were made, and throughout the trial of said cause. There are no errors upon the record proper.

It, therefore, follows that the judgment of the Circuit Court of Russell County must be affirmed. It is so ordered.

And it appearing to this Court that the date fixed and set by the circuit court for the execution of the defendant, appellant here, has passed pending this appeal, it is now ordered by this court that Friday, the 9th day of June, 1939, be, and the same is hereby, set and fixed for the execution of the appellant.

Affirmed.

BOULDIN, BROWN, and FOSTER, JJ., concur.

ANDERSON, C. J., and GARDNER and THOMAS, JJ., concur in the result.