8 So.2d 589

**SPEARS v. STATE.**

4 Div. 686.

Court of Appeals of Alabama.

April 7, 1942.

Rehearing Denied May 12, 1942.

E. C. Boswell, of Geneva, for appellant.

Thos. S. Lawson, Atty. Gen., and Noble J. Russell, Asst. Atty. Gen., for the State.

RICE, Judge.

In this case the bill of exceptions shows on its face that it was presented to the trial judge more than ninety days after the date of the judgment from which the appeal was taken, and not filed with the clerk prior to its presentation to the judge. It was therefore not a compliance with Section 6433, Code 1923, Code 1940, Tit. 7, Sec. 822, and subject to the motion to strike it made by the Attorney General under authority of Section 6434, Code 1923, Code 1940, Tit. 7, Sec. 827. He has made and submitted such a motion.

The bill of exceptions in a criminal case must be taken and signed by the presiding judge as in civil cases. Section 3234, Code 1923, Code 1940, Tit. 15, Sec. 365. But when the Attorney General makes a motion to strike it because not presented or signed within the time provided by Section 6433, Code 1923, Code 1940, Tit. 7, Sec. 822, and it is set out in the record on appeal, we will examine it to see if any constitutional right of appellant was denied him as there shown.

The interpretation which the Supreme Court has recently placed upon Section 6434, Code 1923, Code 1940, Tit. 7, Sec. 827, in criminal cases is that it was not intended by it to vest in the Attorney General the exclusive right to decide, by making a motion to strike the bill of exceptions, that a denial of the constitutional rights of defendant in a criminal case may not be reviewed on appeal, because there was delay in presenting or signing the bill of exceptions. Jones v. State, 237 Ala. 614, 188 So. 384.

With that in mind we have examined the bill of exceptions, as well as other proceedings in the record, and do not find any reason on the basis of that decision not to grant the motion to strike made in this case. The motion to strike is therefore sustained.

All that goes hereinbefore is taken, and adopted by us, literally, mutatis mutandis, from the opinion by the Supreme Court in the case of Rutherford v. State, 237 Ala. 613, 188 So. 385. This for the reason that

484

it fits, exactly, as we read the record, the situation before us, and of course, where that is true, controls us. Code 1940, Tit. 13, Sec. 95.

We are of the same opinion after reading the opinion of the Supreme Court in the case of Clark v. State, 239 Ala. 10, 193 So. 320.

■ The record proper shows that in the trial of appellant there occurred no irregularity which is sufficient to cause a reversal of the judgment and sentence of the court. It is therefore affirmed.

Affirmed.