14 So.2d 251

## PATE v. STATE.
### 6 Div. 128.

Supreme Court of Alabama.
April 22, 1943.

Rehearing Denied June 3, 1943.

397

Wm. N. McQueen, Acting Atty. Gen., and John O. Harris and George C. Hawkins, Asst. Attys. Gen., for the petition.

Tom B. Ward, J. Monroe Ward, and Foster, Rice, Madison & Rosenfeld, all of Tuscaloosa, opposed.

**BROWN, Justice.**

The appellant Pate was tried and convicted in the Circuit Court of Tuscaloosa County of manslaughter in the first degree. The judgment of conviction was entered on April 11, 1941. On May 9, 1941, he filed a motion for new trial, which, after the expiration of 30 days, beginning on and including April 12, was on May 16th, called to the court's attention and was by the court continued to a day certain. Thereafter said motion was continued from time to time until August 22, 1941, when it was without objection submitted to the court for decision, the solicitor and defendant's attorneys being present and participating. The court took the motion under advisement and entered an order continuing the same until September 5, 1941, on which date the court overruled the motion.

If the course of procedure stated quickened into exercise the court's jurisdiction and powers to set aside the judgment and grant a new trial, or was a waiver of noncompliance with the statute, § 119, Code 1940, Tit. 13, which provides inter alia, "after the lapse of thirty days from the date on which a judgment or decree was rendered, the court shall lose all power over it, as completely as if the end of the term had been on that day, unless a motion to set aside the judgment or decree, or grant a new trial has been filed and called to the attention of the court, and an order entered continuing it for hearing to a future day;" the bill of exceptions was presented within time and on being signed by the presiding judge became a part of the record in the case, and the motion to strike was properly overruled.

On the other hand, if the proceedings outlined did not quicken into existence the jurisdiction and power of the court to set aside the judgment and grant a new trial, because of the absence of a special order of continuance made within thirty days from the rendition of the judgment of conviction, the proceedings concluding with the order overruling the motion were coram non judice and void, and did not suspend the finality of the judgment or the time for presenting a bill of exceptions. Merritt v. Carter, 243 Ala. 272, 9 So.2d 779.

It is familiar law, long since settled by our decisions, that when a common law court of general jurisdiction proceeds to a final judgment in a given case and adjourns for the term, or the term ends by expiration of the time fixed by law, jurisdiction over the controversy and the parties is exhausted, leaving the court only with power to control its process issued for the enforcement of the judgment, unless some step, authorized by statute is taken, to keep the proceedings in fieri. First National Bank of Birmingham v. Garrison, 235 Ala. 687, 180 So. 690, 694, and authorities there cited.

Under our present statutory system the circuit court as a court of law as well as a court of equity remains open "for the transaction of any and all business, or judicial proceedings of every kind, at all times." Code 1940, Tit. 13, § 114. Hence the statute relating to the finality of judgment [Code 1940, Tit. 13, § 119] fixes thirty days, beginning on the day following the day on which each final judgment is rendered, as the term within

which the plenary power of the court over the judgment continues. Ex parte Howard (Howard v. Ridgeway et al.), 225 Ala. 106, 142 So. 403; Southern Railway Co. v. Griffith, 177 Ala. 364, 58 So. 425.

In the last cited case it was observed: "This court has heretofore fully considered the Act of February 28, 1889 (Acts 1888–89, p. 992), by which the city court of Birmingham was created, and has held that, under the words of that act, 'in order to give it (the motion) vitality at a subsequent term, and give the court power then to act on it, it must affirmatively appear from the record in the cause that the motion was made and called to the attention of the court, and continued during the term at which the judgment was rendered; otherwise the court is ever afterwards without power to entertain it.' Ex parte Highland Avenue & Belt R. Co., 105 Ala. 221, 223, 224, 17 So. 182, 183. This necessarily follows from the wording of the act, which provides (section 20) : 'That final judgments and decrees rendered in said court shall, after the expiration of thirty days from their rendition, be taken and deemed as completely beyond the control of the court, as if the term of said court at which said judgments and decrees are rendered had ended at the end of said thirty days.' As this court said, in the case just cited: 'The end of 30 days after final judgments and decrees have been rendered in said court, as to them, is thereby made the end of the term of the court, and thereafter the court has no more power or control over them than it would have if the term had finally adjourned.' "

The provisions of § 119, Code 1940, Tit. 13, quoted above, originated in the Act of September 22, 1915 [Acts 1915, p. 707], and in Mt. Vernon Woodbury Mills v. Judges of Fifteenth Circuit, 200 Ala. 168, 169, 75 So. 916, 917, it was observed by Justice Sayre, speaking for this court: "This last-quoted provision of the act follows substantially the provision of the Jefferson county practice act, which was reproduced in Ex parte Highland Avenue & Belt R. Co., supra [105 Ala. 221, 17 So. 182], and other similar local acts governing the practice in a number of courts for which continuous sessions were provided, and there can be no doubt that in the passage of the act of September 22, 1915, the Legislature had in mind these local laws and the decisions of this court

in respect to them. An application to this case of the rule of decision heretofore laid down in reference to similar enactments results in the conclusion that the failure to act upon the motion within the time limited by the order of continuance or to make an order of further continuance operated to discontinue the motion and put it without the power of the court thereafter to hear the motion unless by consent of the parties * * *."

In that case the motion for new trial was made during the term and was on the last day of the term—October 21, 1916—continued for 30 days. No further proceedings were taken in respect to this motion until January 8th, 1917, when it was overruled.

In dealing with these statutes in respect to the finality of judgments and the plenary power of the court to set aside and vacate them, the weight of our decisions is to the effect that if motion is not made during the term, and called to the attention of the court and continued to the next term or a future day, the power of the court to vacate or set aside the judgment is forever lost, and this loss of power cannot be waived. Hence further proceedings seeking to invoke the plenary power of the court to that end are coram non judice and void. Southern Ry. Co. v. Griffith, 177 Ala. 364, 58 So. 425; Patterson v. State, 229 Ala. 270, 156 So. 567; Morris v. Corona Coal Co., 215 Ala. 47, 109 So. 278; Ex parte Howard (Howard v. Ridgeway), 225 Ala. 106, 142 So. 403.

On the other hand, if the court's jurisdiction is duly invoked in the mode prescribed by the statute, by motion made during the term—the thirty days—and continued to a future date certain, a hiatus in the proceeding, resulting from a failure to regularly continue the motion, may be waived by consent of the parties or by entering upon a hearing of the motion without objection.

Cases falling within the two classes were dealt with in Southern Ry. Co. v. Griffith, supra, and Patterson v. State, supra. In the first case it was said:

"The case of Birmingham Railway, Light & Power Company v. Hinton, 146 Ala. 273, 40 So. 988, is not in conflict with this proposition. In that case the motion was made in proper time, and continued from time to time; but at one of the subsequent dates the record failed to show an entry con-

tinuing the motion to the next succeeding date, at which it was taken up and continued to another date at which it was disposed of, so that the only question was whether said hiatus amounted to a discontinuance of the motion, and the court held that, as it was then taken up and disposed of without objection, 'this was a waiver of the discontinuance.'

"In the present case it is a question of the power of the court, and it is familiar law that after the adjournment of a term the judgments have passed beyond the power and control of the court, and no order or orders of the court thereafter can effect said judgment in any way save in the cases and mode prescribed by statute.

"The judgment of the court being void the appeal is dismissed." 177 Ala. 366, 58 So. 426.

. And in the Patterson case: "The case is wholly different from those involving a waiver of a discontinuance of a motion duly made, wherein the jurisdiction of the court has attached, such as Greer et al. v. Heyer, 216 Ala. 229, 113 So. 14." 229 Ala. 272, 156 So. 569.

In the first class there is absence of jurisdiction and in the other a mere procedural irregularity in consequence of which a hiatus in the continuity of the procedure occurs, which is waivable, and when waived revives the court's power to act.

Cain v. Jefferson Standard Life Ins. Co., 227 Ala. 458, 150 So. 689, was in the first class, and the appeal was dismissed, because the proceedings in respect to the motion for new trial were inefficacious to intercept the finality of the judgment. Shipp et al. v. Shelton, 193 Ala. 658, 69 So. 102, was in the latter class. There the judgment was rendered on the 28th of September, 1912, the motion for new trial was filed on the 4th day of November, 1912, and continued until December 23, 1912. Thereafter there was a hiatus, and a waiver.

Greer et al. v. Heyer, 216 Ala. 229, 113 So. 14, cited and relied on by the Court of Appeals, was in the latter class, and this fact was pointed out by this court in Patterson v. State, supra.

Neither Jones v. State, 237 Ala. 614, 188 So. 384, nor Clark v. State, 239 Ala. 10, 193 So. 320, were in either the first or latter class mentioned. In Clark's case the motion for new trial was made and regularly continued and was overruled. The defendant failed to present the bill of exceptions within ninety days from the date on which the motion for new trial was rendered, and on motion of the attorney general was stricken by this court. In Clark's case the question was whether or not the bill of exceptions should be stricken. The bill bore evidence on its face that it was duly presented, but the trial judge in approving it failed to show the date he affixed his signature thereto. The motion to strike was denied for the reason stated in the opinion: "The trial court is presumed to have done its duty and passed upon and signed the bill of exceptions within the time prescribed by law. In the absence of positive evidence that such was not the fact, the bill of exceptions will not be stricken." 239 Ala. 12, 193 So. 322. However, see Stearn & Co., v. Lehman-Durr & Co., 169 Ala. 441, 2 So. 708; Edinburgh-American Land Mortgage Co., v. Canterbury, 169 Ala. 444, 53 So. 823, which seem to conclude to the contrary.

The Court of Appeals stresses the dictum entered in the opinion of the court in Jones case that, "The statute—Section 6434 of the Code [Code 1940, Tit. 7, § 827]—is not mandatory upon us, nor are we otherwise under any imperative duty to strike the bill of exceptions in such cases. The matter is addressed to our sound discretion, to be wisely exercised in all cases. We may, or may not, strike the bill of exceptions, depending upon our conclusion as to whether or not a defendant's constitutional rights in a criminal case have or have not been secured to him.

"To refuse to strike a bill of exceptions in all cases, on motion of the attorney general (when the bill was not timely presented), will be a departure from our former holdings in such cases, but we are convinced that the relaxation of the rule in grave and important criminal cases, involving the constitutional rights of a defendant, will serve to promote the ends of justice. After all, courts are organized to administer justice without sale or denial." 237 Ala. 615, 188 So. 385.

This dictum was referred to in Rutherford v. State, 237 Ala. 613, 188 So. 385, but the motion to strike was denied. This dictum was repeated in Clark v. State, supra, and the motion to strike was overruled, not because of the denial of constitutional rights of the defendant, but on the finding

from evidence carried on the face of the bill it was duly signed and approved.

█ This dictum was superinduced, no doubt, by the decision rendered by the United States Supreme Court in Patterson v. Alabama, 294 U.S. 600, 55 S.Ct. 575, 79 L.Ed. 1082, where it was held that the record in the case of Norris v. Alabama, 294 U.S. 587, 55 S.Ct. 579, 79 L.Ed. 1074, a companion case involving the same alleged criminal acts and submitted here at the same time, showed that Norris had been denied due process of law secured by the Fourteenth Amendment to the Constitution of the United States. The judgment of this court was reversed in the Norris case, and the judgment in the Patterson case was vacated with the suggestion that this court reexamine the Patterson case in the light of the record in the companion case. This was done and the case was remanded to the Circuit Court of Morgan County for trial without further opinion. In order to clarify the utterances referred to, we now state that when on appeal from a judgment of conviction in a capital case it appears from the record as presented, that the judgment of conviction has been entered without due process of law, as secured by the Fourteenth Amendment to the Constitution of the United States, the record, with the bill of exceptions though not timely presented, will be examined in determining that question.

█ No such question was presented in the instant case to the trial court or to the Court of Appeals, and on the undisputed facts affirmatively shown by the record the jurisdiction and power of the circuit court to entertain and grant or refuse the motion for new trial never attached, and having never existed, it cannot be revived by waiver.

The Court of Appeals, therefore, erred in overruling the motion of the state made by the attorney general, and the motion is here granted and the bill of exceptions is stricken from the record.

Without a bill of exceptions the other questions considered by the Court of Appeals were not presented for decision, and hence cannot be considered here. As to them we express no opinion.

Reversed, rendered and remanded to the Court of Appeals.

All the Justices concur.