18 So.2d 691

## PEABODY v. STATE.

### 4 Div. 822.

Court of Appeals of Alabama.
May 16, 1944.

Rehearing Denied June 6, 1944.

W. R. Belcher, of Phenix City, for appellant.

Wm. N. McQueen, Acting Atty. Gen., and Frank N. Savage, Asst. Atty. Gen., for the State.

RICE, Judge.

Appellant was indicted for the offense of burglary; the indictment being drawn under the provisions of Code 1940 Tit. 14, Sec. 86—and charging burglary in the second degree. He was duly tried before a jury; found guilty as charged; and his punishment fixed at imprisonment in the penitentiary for the term of two years.

He was represented below, and here, by able counsel. In his brief filed here, said counsel with commendable candor asserts: "In order that we may come more readily to the real crux of the matter, and in order that we may more speedily direct the court's attention to the only issue in the case, it is here admitted that the corpus delicti was properly established; that is to say we admit that the place of business was legally the subject of burglary; that it was properly secured; that its ownership was properly established and that the place of business was burglarized by someone and that the articles alleged to have been stolen were, in fact, stolen by someone. Our only insistence in the case, therefore, is that the evidence offered by the State falls far short of that necessary to sustain a conviction and that the trial court erred in refusing the affirmative charge in (each) case"—it being here noted that this case was tried jointly with the case of Harry Rivers v. State, 18 So.2d 693.

And in addition to what counsel has stated, we may add that a careful inspec-

tion of the record reveals that appellant was tried in all respects in accordance with the law. If he was denied any constitutional safeguard, we are unable to detect it.

We are not sure that we understand just how the holding by a majority of our Supreme Court in the cases of Rutherford v. State, 237 Ala. 613, 188 So. 385, and Jones v. State, 237 Ala. 614, 188 So. 384, to the effect that the court would look to a bill of exceptions which was stricken, to see whether or not an appellant was deprived of any constitutional right, should be applied, now that bills of exceptions have been abolished by law. Gen.Acts Ala.Reg. Session 1943 p. 423. But in whatever way applied, here, it is clear that nothing appears indicating that appellant was denied any constitutional right.

So we come to his counsel's single insistence: "That the evidence offered by the State falls far short of that necessary to sustain a conviction and that the trial court erred in refusing the affirmative charge in (the) case."

And this requires us to give close attention to the Act of the Legislature approved July 12th 1943—Gen.Acts.Ala.Reg.Session 1943 p. 423, now codified as Sec. 827 (1) et seq. of Title 7 of the Code of 1940 Cumulative Pocket Part 1943 of Volume 2.

This act by its terms became effective on September 1st, 1943; and the case before us originating by indictment returned on October 7th 1943, the said act above, approved on July 12th, 1943, governs and controls in all matters which it includes in its terms.

And the very first provision of said act is that "bills of exceptions in the trial of cases at law in the circuit court and courts of like jurisdiction and all other courts of record having a full time court reporter and from which appeals lie directly to the court of appeals or the supreme court of Alabama in the State of Alabama are hereby abolished."

Said act goes on to provide that "if a party to a cause tried in such court desires to appeal from a judgment rendered he shall give notice to the court reporter that he desires to appeal and request the evidence to be transcribed. The court reporter shall then promptly transcribe the evidence, including objections, oral mo-

tions and rulings of the court, certify to it and file it with the clerk. He shall also identify and copy all exhibits offered in evidence in the order in which offered. The evidence so transcribed and certified and filed shall be a part of the record, and assignments of error may be made as though the transcript constituted a bill of exceptions. * * * If either party to the cause deems the transcript so certified to be incorrect, the trial judge, upon request, shall hear the parties and make such corrections and additions as he may think proper."

Other provisions of said act are: "If the court reporter be deceased or for any other reason cannot transcribe the evidence, any party desiring to appeal, may, in lieu of it, present a succinct statement of the evidence, including objections, oral motions and rulings of the court, and furnishing opposing counsel a copy. If objections be made thereto the trial judge shall hear the same and make such corrections in and additions to it as may be proper and shall approve the same as a transcript of the evidence. * * * Such statement, when approved by the trial judge, shall be a part of the record and assignments of error may be based upon any rulings shown in it."

And, finally for our purposes: "The transcript of evidence or statement in lieu thereof shall be approved by the trial judge and filed with the clerk within ninety days after date of trial or date of trial court's ruling on motion for new trial."

And here, it is only necessary to remark that no attempt whatever was made to comply with the terms of the act in question. What purports to be a "bill of exceptions" is a non-existent nullity. We ignore it.

And no compliance being had, or attempted, with the provisions of Act of the Legislature of Alabama approved July 12th, 1943, hereinabove more definitely identified, we have nothing before us but the record proper.

As above noted, it seems regular in all respects. And the judgment of conviction must be affirmed.

It is so ordered.

Affirmed.