130 So.2d 234

**Arthur Lee WHITE**

v.

**CITY OF BIRMINGHAM.**

6 Div. 679.

Supreme Court of Alabama.

March 2, 1961.

Rehearing Denied May 25, 1961.

Arthur D. Shores and Orzell Billingsley, Jr., Birmingham, for petitioner.

J. M. Breckenridge and Jas. G. Adams, III, Birmingham, opposed.

GOODWYN, Justice.

Petition of Arthur Lee White for certiorari to the Court of Appeals to review and revise the judgment and decision of that court in White v. City of Birmingham, 130 So.2d 231.

The only questions dealt with in the Court of Appeals' opinion were the city's motion to strike the transcript of the evidence, which was granted, and the action of the trial court in overruling petitioner's motion to quash the complaint, which was held to be without error. The petition does not charge error in either of those respects. Instead, it states the following as a basis for award of the writ:

"7. The Proposition of Law involved which petitioner claims should be reviewed and revised by this Court is as follows:

"A. That the Ordinance and complaint, the basis of the prosecution, as applied to petitioner, is unconstitutional on its face, in that it is so vague as to constitute a deprivation of liberty, without due process of law, in violation of the Fourteenth Amendment to the United States Constitution.

"B. That the Ordinance, as applied to petitioner, constitutes an abridgement of the privileges and immunities, and a denial of the equal protection of the laws, in violation of the equal protection of the laws, all in violation of the Fourteenth Amendment to the United States Constitution. The Court of Appeals erred in failing to rule that the arrest and conviction of petitioner was a violation of due process of law, an abridgement of privileges and immunities; equal protection of the law, and a violation of the Fourteenth Amendment to the Constitution of the United States."

It is to be noted that the grounds of the demurrer, like the grounds of the petition for certiorari, assert that the ordinance is unconstitutional "as applied" to petitioner. It is not charged that the ordinance is unconstitutional on its face. Accordingly, there could be no basis for determining the constitutionality of the ordinance when applied to petitioner in the absence of facts showing such unconstitutional application. Since there was no pleading showing such facts, and the transcript of the evidence being stricken, there was no basis for the Court of Appeals to determine such constitutional question. Un-

doubtedly, that is the reason the Court of Appeals made no mention in its opinion of the trial court's ruling on the demurrer.

The Court of Appeals held, and we think without error, that "the record proper is in all things regular." Therefore, unless the transcript of the evidence, even though stricken, should have been examined by the Court of Appeals, and the constitutionality of the ordinance "*as applied*" to petitioner determined from such examination, the Court of Appeals did not err in pretermitting determination of the constitutional question. In Pate v. State, 244 Ala. 396, 14 So.2d 251, 255, it was held that the examination of a bill of expections which had been stricken, in order to determine whether there had been compliance with the Fourteenth Amendment to the United States Constitution, would be limited to capital cases. As there said:

> " * * * In order to clarify the utterances referred to, we now state that when on appeal from a judgment of conviction in a *capital case* it appears from the record as presented, that the judgment of conviction has been entered without due process of law, as secured by the Fourteenth Amendment to the Constitution of the United States, the record, with the bill of exceptions though not timely presented, will be examined in determining that question." [Emphasis supplied.]

See Michel v. State of Louisiana, 350 U.S. 91, 76 S.Ct. 158, 100 L.Ed. 83.

We think the Pate case is of controlling influence here and that the Court of Appeals acted properly in not examining the transcript of the evidence.

Writ denied.

LIVINGSTON, C. J.; and SIMPSON and COLEMAN, JJ., concur.